PER CURIAM.
Mary Reinke, appellant, contends that the trial court erred in entering a cost judgment against her, because more than eight months had expired since entry of the final judgment before appellee, Wal-Mart Stores, Inc., filed its motion to tax costs as a prevailing party. We affirm.
On October 2, 1998, following the return of a jury verdict finding defendant Wal-Mart not liable in a personal-injury action brought by Reinke, the trial court entered judgment thereon and reserved jurisdiction for taxation of costs. Reinke did not appeal. Eight months later, on June 4, 1999, Wal-Mart filed a motion to tax costs under section 57.071, Florida Statutes.[1] The court, over Reinke’s objection based on alleged untimeliness of the motion, entered the cost judgment for Wal-Mart that is the subject of this appeal.
This court, in its construction of section 57.041, Florida Statutes (1977),[2] observed: “[I]t appears that the prevailing party in an action at law is absolutely entitled to the taxing of costs in his favor.” Dragstrem v. Butts, 370 So.2d 416, 417 (Fla. 1st DCA 1979). Accord Oriental Imports, Inc. v. Alilin, 559 So.2d 442, 443 (Fla. 5th DCA 1990); Governing Bd. of St. Johns River Water Mgmt. Dist. v. Lake Pickett Ltd., 543 So.2d 883, 884 (Fla. 5th DCA 1989).
The above cases unequivocally state that because the prevailing party is entitled as a matter of right to recover his or her *593 lawful costs, the statute affords the trial court no discretion to deny the same. Accordingly, our review standard is not to decide whether the lower court abused its discretion, but whether it erred as a matter of law in granting the motion for costs.
In our opinion, we cannot conclude as a matter of law that the court erred in entering the cost judgment, notwithstanding that eight months had elapsed between entry of the judgment in Wal-Mart’s favor and the filing of the motion to tax costs. In so concluding, we acknowledge that it is possible that an excessive period of time in seeking costs may be declared unreasonable. In Roberts v. Askew, 260 So.2d 492 (Fla.1972), the court was asked whether the filing of such motion four months after the dismissal of an appeal, or 202 days after the rendition of judgment, was unreasonable. In deciding that it was not, the court initially determined that costs may be appropriately adjudicated after final judgment, after the expiration of an appeal period, or after the appeal is concluded. In holding that the delay in filing the motion was not unreasonable, the court further observed that the delay had not in any way prejudiced the opposing parties. Id. at 494.
Similarly, in the present case, Reinke has failed to demonstrate that she was prejudiced by the expiration of eight months or 245 days from the entry of judgment before Wal-Mart moved to tax its costs. Moreover, had she timely perfected an appeal from the judgment exonerating Wal-Mart from liability, a much longer period of time could conceivably have passed in that Wal-Mart, pursuant to Roberts v. Askew, could have delayed its option to seek costs until the appeal was concluded.
AFFIRMED.
ERVIN, LAWRENCE and PADOVANO, JJ., CONCUR.

. Section 57.071 provides what costs are taxable once they are awarded.

. The 1977 and 1997 versions of section 57.041 are substantially similar. The 1997 version provides: "The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment!.]”