864 So.2d 584 (2004)
P & R SMITH CORPORATION and Perfecto Gerardo Smith, Appellants,
v.
Aitor GOYARROLA and Ileana Mirabal, Appellees.
No. 3D03-547.
District Court of Appeal of Florida, Third District.
February 4, 2004.
Luis E. Ordonez and Frances F. Guasch, for appellants.
Jeffery A. Sarrow, Plantation, for appellees.
Before COPE, GODERICH and FLETCHER, JJ.
PER CURIAM.
The defendants, P & R Smith Corporation and Perfecto Gerardo Smith, appeal from an adverse final order striking their claim for attorney's fees and costs. We reverse.
In the underlying personal injury action, the trial court entered final judgment pursuant to a jury verdict on May 6, 2002. As required by Rule 1.525, Florida Rules of Civil Procedure, on May 9, 2002, within thirty days of the filing of the final judgment, the defendants filed their motion to tax costs and attorney's fees based on an offer of judgment. On October 11, 2002, the defendants filed affidavits itemizing the attorney's fees and costs incurred in the defense of the action. The plaintiffs filed a motion to strike the defendants' motion for attorney's fees and costs contending that it was a "bare bones" motion and that the supporting affidavits had not been filed within thirty days of the filing of the final judgment as required by rule 1.525. The trial court granted the plaintiffs' motion to strike stating that the defendants failed to timely file any supporting documentation. The defendants' appeal follows.
The defendants contend that the trial court erred by striking their motion for attorney's fees and costs where rule 1.525 only requires that the motion for attorney's fees and costs be filed within thirty days of the filing of final judgment but is silent as to the timing of the filing of any supporting documentation.
Rule 1.525, titled "Motions for Costs and Attorney's Fees," provides as follows:
Any party seeking a judgment taxing costs, attorney's fees or both shall serve a motion within 30 days after the filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
(emphasis added).
Because the rule is silent as to the timing of the filing of the supporting documentation, the trial court erred by striking the defendants' motion based solely upon the failure to file supporting documentation within thirty days of the filing of the final judgment as this is not required by Rule 1.525.
*585 Reversed and remanded for further proceedings consistent with this opinion.