874 So.2d 712 (2004)
SILVER SPRINGS PROPERTIES, L.L.C., a Maryland limited liability corporation, Appellant,
v.
ERA MURRAY REALTIES, INC., a Florida corporation, Appellee.
No. 4D03-3274.
District Court of Appeal of Florida, Fourth District.
June 2, 2004.
Fred W. Mattlin of Fred W. Mattlin, P.A., Boca Raton, for appellant.
Harry Hipler of Harry Hipler, P.A., Dania Beach, for appellee.
STONE, J.
We reverse an order denying Silver Springs' motion to tax attorney's fees and costs against ERA. The trial court concluded that Florida Rules of Civil Procedure 1.100(b) and 1.525 require a party to submit a supporting affidavit as to the amount of claimed attorney's fees and costs along with service of that party's post-judgment motion for fees and costs.
Silver Springs sued to vacate and cancel a lien filed by ERA upon Silver Springs' property. The trial court entered a final order cancelling the lien and reserving jurisdiction to award attorney's fees and costs pursuant to Silver Springs' request in its complaint. The trial court also denied ERA's motion to quash the order cancelling the lien and again reserved jurisdiction *713 to award attorney's fees and costs.
At an initial hearing, the trial court determined that Silver Springs, as prevailing party, was entitled to its attorney's fees and costs. At a subsequent hearing, however, the trial court denied the motion for attorney's fees and costs, finding that Silver Springs' motion failed to "comport with either Rule 1.100(b) or Rule 1.525, which in [the] court's view requires that there be supporting affidavits attached to the motion."
Rule 1.525 provides, "[a]ny party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal." Rule 1.100(b), governing motions, provides:
An application to the court for an order shall be by motion which shall be made in writing unless made during a hearing or trial, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion. All notices of hearing shall specify each motion or other matter to be heard
The trial court relied on Gulf Landings Ass'n v. Hershberger, 845 So.2d 344 (Fla. 2d DCA 2003), and Diaz v. Bowen, 832 So.2d 200 (Fla. 2d DCA 2002), in concluding that parties must attach supporting affidavits to a motion for fees and costs, reasoning that without supporting affidavits in support of the motion, the other party would be unable to prepare for hearing.
We have considered Gulf Landings and Diaz, and deem them distinguishable. In Gulf Landings, the question was whether a notice of hearing could be considered a motion under the rules, not whether the motion was accompanied by supporting affidavits. 845 So.2d at 346. There, within a week after the entry of the judgment, the appellee served a notice of hearing scheduling a hearing on the issue of attorney's fees. Id. at 345. Thereafter, Gulf Landings filed a memorandum arguing that the appellee had failed to file a motion for attorney's fees and costs within thirty days as required by rule 1.525. Id. Concluding that the appellee need not comply with rule 1.525, because the trial court had specifically reserved jurisdiction in the final judgment to resolve the issues necessary to award attorney's fees, the trial court granted the appellee's claim for attorney's fees and costs. Id.
The Gulf Landings court reluctantly reversed the fee award, however, concluding that, under rule 1.525, it is not sufficient for a trial court to "reserve jurisdiction"; rather, a motion must be served within thirty days. Id. at 346.
Noteworthy, but not important for this analysis, is that this court has held to the contrary. See Fisher v. John Carter and Assocs., Inc., 864 So.2d 493 (Fla. 4th DCA 2004)(holding that the trial court's reservation of jurisdiction over attorney's fees in a final judgment extends the thirty day time limit for corporation to file motion for fees without the need to show excusable neglect). The court in Gulf Landings also considered whether the appellee's basic notice of hearing could be treated as a motion for attorney's fees under rule 1.100(b). The Second District explained that the notice of hearing simply indicated the date of the hearing and contained no reference to the grounds upon which fees were sought or the amount requested and omitted any mention of costs. Accordingly, the Gulf Landings court held that the bare notice of hearing could not be interpreted to incorporate a "motion" as defined in rule 1.100(b). Id. Unlike here, in *714 Gulf Landings, it was undisputed that the appellee failed to file a post-judgment motion for attorney's fees. Further, here, in contrast to Gulf Landings, there is absolutely no suggestion that Silver Springs' four-page motion for fees and costs fails to comply with rule 1.100(b).
Moreover, the Second District decided Diaz based upon the timeliness of the motion, not on the issue addressed in this appeal. Id. at 201. Upon concluding that a request for fees in a complaint was insufficient to put the adversary on notice, the Diaz court stated that "[t]o recover fees and costs, a party must file a post-trial pleading and supporting proof." Id. at 200. Although ERA relies on this language in advancing its position, nowhere does the Second District suggest that the supporting proof must consist of an accompanying affidavit.
Clearly, by their terms, neither rule 1.525, nor rule 1.100(b) requires supporting affidavits. More closely on point is P & R Smith Corp. v. Goyarrola, 864 So.2d 584 (Fla. 3d DCA 2004), a case that was not available to the trial court. There, the defendants sought attorney's fees and costs after the trial court entered a final judgment in their favor. Id. Pursuant to rule 1.525, on May 9, 2002, within thirty days of the final judgment, the defendants filed their motion to tax costs and attorney's fees based on an offer of judgment. Id. Much later, on October 11, 2002, the defendants filed affidavits itemizing the attorney's fees and costs incurred in the defense of the action. Id. Thereafter, the plaintiffs moved to strike the motion, arguing it was a "bare bones" motion and that "the supporting affidavits had not been filed within thirty days of the filing of the final judgment as required by rule 1.525." Id.
The Third District reversed the trial court order granting the plaintiffs' motion to strike. Id. at 585. Reasoning that rule 1.525 is silent as to the time frame within which to serve supporting documentation, the P & R Smith court concluded that the trial court erred by striking the defendants' motion based solely upon the defendants' failure to contemporaneously file supporting documentation. Id. at 584.
Further, as to the suggestion that rule 1.100(b) requires the motion to be accompanied by affidavits, we note that in Exceletech, Inc. v. Williams, 579 So.2d 850, 853 (Fla. 5th DCA 1991), the First District asked the court to determine whether rule 1.100(b) required an oath or sworn motion in impleading a third-party defendant. The court stated:
Rule 1.100(b) provides that an application to the court for an order shall be by motion which shall be made in writing unless made during a hearing or trial. There is not even a requirement that any such motion be supported by affidavit.

Id. at 852 (emphasis added).
We, therefore, conclude that there is no requirement in the rules that a supporting affidavit be filed or served with the motion for attorney's fees and, accordingly, remand for further proceedings.
ERA's additional claim that the motion for attorney's fees was untimely is without merit. See Fisher, 864 So.2d at 496.[1]
STEVENSON and HAZOURI, JJ., concur.
NOTES
[1] The court recognizes its reference to Gulf Landings in its opinion in Gosselin v. Gosselin, 869 So.2d 667, 668 (Fla. 4th DCA 2004), however, that case, dealing with post-decretal orders in marital dissolution actions, was decided on other grounds.