PER CURIAM.
Tesla Electric, Armature and Machine, Inc., (“Tesla”) appeals a final summary judgment entered for JLM Advanced Technical Services, Inc., (“JLM”) on a breach-of-contract claim seeking the enforcement of a restrictive covenant, and JLM cross appeals two orders denying its motions for attorney’s fees and costs. We affirm the final summary judgment without discussion. As to the cross appeal, we find no merit in JLM’s claim for attorney’s fees under section 57.105(7), Florida Statutes (2012). However, we reverse and remand for further proceedings on JLM’s claim for attorney’s fees pursuant to section 542.335(l)(k), Florida Statutes (2012), and for costs under section 57.041, Florida Statutes (2012).
JLM prevailed on Tesla’s breach-of-contract claim due to the unenforceability of the restrictive covenant in the parties’ contract. Therefore, section 542.335(l)(k) grants the trial court discretion to award JLM its reasonable attorney’s fees. The trial court denied JLM’s request for attorney’s fees under this provision, finding that the “equities of the case” do not support such an award. Because the basis for this finding is not apparent from the record, we are unable to determine whether the trial court properly exercised its discretion to deny fees under this statute. Accordingly, we reverse and remand for the trial court to revisit its decision and make specific findings to support either an award or denial of attorney’s fees under this provision. See In re Guardianship of Sitter, 779 So.2d 346, 348 (Fla. 2d DCA 2000) (recognizing that an appellate court may require findings even in the absence of a statutory directive for such findings when necessary to allow for intelligent review).
 Unlike section 542.335(l)(k), section 57.041 is mandatory. Under this statute, “the prevailing party in an action at law is absolutely entitled to the taxing of costs in his favor.” Reinke v. Wal-Mart Stores, Inc., 773 So.2d 592, 592 (Fla. 1st DCA 2000). Here, the trial court denied all of JLM’s requested costs. While some of the costs JLM requested were clearly inappropriate, a total denial of costs should not have occurred without an evidentiary hearing. See Winter Park Imports, Inc. v. JM Family Enterps., Inc., 77 So.3d 227, 230 (Fla. 5th DCA 2011) (requiring an evidentiary hearing when the opposing party objects to the requested costs). We reverse and remand for the trial court to afford JLM the opportunity to show at an evidentiary hearing that the requested costs were reasonably necessary to JLM’s defense. After providing this opportunity and considering Tesla’s objections, the court must enter an appropriate cost award in JLM’s favor. See Weitzer Oak Park Estate, Ltd. v. Petto, 573 So.2d 990, 991 (Fla. 3d DCA 1991).
*867 AFFIRMED in part; REVERSED in part; and REMANDED with directions.
THOMAS, RAY, and MAKAR, JJ., concur.