DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE ANDERSEN FIRM, P.C.,**
Appellant,

v.

**SCOTT A. BROWN,**
Appellee.

No. 4D20-2067

[November 10, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan Frink, Judge; L.T. Case No. 062014CA006423AXXXCE.

Donald H. Benson of Bradham, Benson, Lindley, Blevins, Bayliss & Wyatt of Florida East Coast, P.L.L.C., Fort Lauderdale, for appellant.

Scott A. Brown, Fort Lauderdale, pro se.

LEVINE, J.

The Andersen Firm, P.C. ("Andersen") appeals a final order denying its motion for entitlement to attorney's fees and costs. We affirm the trial court's finding that Andersen's proposal for settlement was ambiguous and did not support an attorney's fees award under the offer of judgment statute. However, we find the trial court erred by denying Andersen's motion for costs. Therefore, we reverse and remand for an evidentiary hearing on entitlement to costs.

Scott Brown ("Brown") was in a work-related automobile accident while employed with Andersen. He filed a workers' compensation claim and began receiving benefits from Andersen's workers' compensation insurer, The Travelers Indemnity Co. ("Travelers"). While still receiving workers' compensation benefits, Brown was terminated from his employment with Andersen. Shortly thereafter, Brown stopped receiving his workers' compensation benefits from Travelers. Believing that he was terminated because of his outstanding workers' compensation claim, Brown filed a complaint against Andersen for wrongful termination. During the pendency of the wrongful termination litigation, Brown filed a workers'

compensation petition for benefits against Travelers.

Andersen served Brown with a proposal for settlement under section 768.79, Florida Statutes (2020), and Florida Rule of Civil Procedure 1.442 for the pending wrongful termination suit. The proposal required Brown to execute an attached release "in favor of the Defendant and Defendant's insurer." The release failed to identify the names of both the firm and the insurer to be released, leaving blank spots where the names were meant to be. The release required Brown to release all claims "arising out of the allegations and issues of the Plaintiff's discharge from The Andersen Firm, which is the subject matter of the litigation known as Brown v. The Andersen Firm, filed in the 17th Judicial Circuit in and for Broward County, under Case No. CACE 14-006423 (12)." Further, the release required Brown to acknowledge "that any and all . . . workmen's compensation liens . . . related to or arising out of this subject matter have been paid and satisfied . . . ." Brown did not accept the proposal, fearing that doing so would extinguish not only his wrongful termination claim but also his outstanding workers' compensation petition against Travelers.

Final judgment on the wrongful termination claim was rendered in favor of Andersen. Following judgment, Andersen timely moved for entitlement to attorney's fees and costs pursuant to the offer of judgment statute and the statute providing for the recovery of costs. Brown opposed the motion based on the ambiguities present in the proposal. Andersen argued that the proposal was not meant to release Travelers, but was meant to release a different insurer. Brown alleged that he was not aware Andersen had an additional insurer.

A hearing was held on Andersen's motion for entitlement to fees and costs. The trial judge ultimately found that Andersen was not entitled to fees and costs under section 768.79 because the proposal's failure to identify the insurer created an ambiguity within the proposal. Entitlement to costs and taxation was not discussed at the hearing. The final order denied Andersen's motion for entitlement to costs and fees in full. This appeal ensues.

We review ambiguities in proposals for settlement de novo. *Land & Sea Petroleum, Inc. v. Bus. Specialists, Inc.*, 53 So. 3d 348, 353 (Fla. 4th DCA 2011). "We review fee and cost awards under a mixed standard of review. Factual findings must be supported by competent, substantial evidence, while legal findings are reviewed de novo." *Webber for Keitel v. D'Agostino*, 251 So. 3d 188, 191 (Fla. 4th DCA 2018) (citations, internal quotation marks, and brackets omitted).

2

When a plaintiff has multiple outstanding claims, "settlement proposals must clarify which of an offeree's outstanding claims against the offeror will be extinguished by any proposed release." *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1080 (Fla. 2006); *see also Nichols v. State Farm Mut.*, 851 So. 2d 742, 746 (Fla. 5th DCA 2003) ("Rules 1.442(c)(2)(C) and (D), Florida Rules of Civil Procedure, provide that relevant conditions and all nonmonetary terms of the offer be stated with *particularity*."). Andersen argues that the proposal was unambiguous because it only related to claims arising out of the instant litigation. However, because Brown alleged that he believed that his termination was due to his workers' compensation claim, he could reasonably believe that this was a claim "related to or arising out of this subject matter." *See Palm Beach Polo Holdings, Inc. v. Village of Wellington*, 904 So. 2d 652, 653 (Fla. 4th DCA 2005) (holding a proposal ambiguous where "it could reasonably be read to extinguish claims besides those related to the pending case").

Further, the failure to name the parties to be released when there are outstanding claims involving other parties can constitute an ambiguity. *See Dryden v. Pedemonti*, 910 So. 2d 854, 856-57 (Fla. 5th DCA 2005) ("By executing the general release proposed in this case, Pedemonti could have been found by this court . . . to have extinguished any subrogated claim against the tortfeasor then held or later acquired . . . ."). Even though Travelers was not a defendant to the action, requiring Brown to release an unnamed insurer and then failing to identify the insurer created reasonable uncertainty as to whether accepting the proposal would extinguish his outstanding workers' compensation claim with Travelers. Brown was unaware at the time the proposal was served that Andersen had an additional insurer, not including Travelers, that was meant to be released by the proposal. Therefore, it was reasonable for Brown to believe that the insurer released by the proposal was Travelers. As a result, the trial court did not err in finding that the proposal was ambiguous and not able to support an award of attorney fees under section 768.79. We thus affirm the trial court's denial of an attorney fee award under section 768.79.

As to costs, however, we reverse and remand for a determination of a costs award to Andersen as the prevailing party. Section 57.041, Florida Statutes (2020), states: "The party recovering judgment *shall* recover all his or her legal costs and charges which shall be included in the judgment." (emphasis added). The award of such costs is not discretionary and "the party in whose favor judgment is entered to an award of all taxable costs, as a matter of law." *Bessey v. Difilippo*, 951 So. 2d 992, 993 (Fla. 1st DCA 2007). As Anderson was the prevailing party, the trial court had no discretion to deny costs.

Brown contends that Andersen waived its right to costs under section 57.041 by not addressing taxation in its response to Brown's opposition or at the hearing on Andersen's motion for fees and costs. However, Florida Rule of Civil Procedure 1.525 requires only that a party seeking costs serve a motion no later than thirty days after the filing of judgment; it does not require that supplemental documentation be served within such time. *See P & R Smith Corp. v. Goyarrola*, 864 So. 2d 584, 584 (Fla. 3d DCA 2004). Andersen was not required to deliver supplemental documentation regarding taxation of costs prior to either filing its entitlement motion or the entitlement hearing. Denying costs under section 57.041 in the absence of an evidentiary hearing regarding entitlement to those costs is error and must be reversed. *See Tesla Elec., Armature & Mach., Inc. v. JLM Advanced Tech. Servs., Inc.*, 128 So. 3d 865, 866 (Fla. 1st DCA 2013).

Accordingly, we affirm the trial court's denial of attorney's fees under section 768.79. However, we reverse and remand for an evidentiary hearing regarding Andersen's entitlement to costs under section 57.041.

*Affirmed in part, reversed in part, and remanded.*

WARNER and KLINGENSMITH, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

4