845 So.2d 344 (2003)
GULF LANDINGS ASSOCIATION, INC., Appellant,
v.
Alan J. HERSHBERGER, Appellee.
No. 2D02-4125.
District Court of Appeal of Florida, Second District.
May 23, 2003.
*345 Steven H. Mezer and Stephen B. French of Bush Ross Gardner Warren & Rudy, P.A., Tampa, for Appellant.
Russell G. Marlowe of Davis & Marlowe, P.A., New Port Richey, for Appellee.
ALTENBERND, Chief Judge.
Gulf Landings Association, Inc., appeals an order granting attorneys' fees and costs to Alan J. Hershberger. We must reverse this order because Mr. Hershberger did not file a timely motion for attorneys' fees and costs pursuant to Florida Rule of Civil Procedure 1.525.
Mr. Hershberger filed a complaint for declaratory relief against Gulf Landings, a homeowners' association. He sought a determination that a cover he had installed on his boat lift did not violate a prohibition against "covered docks" contained in a declaration of covenants and restrictions that governed his property. In his complaint, Mr. Hershberger alleged a claim for attorneys' fees under the provisions of the declaration of covenants and restrictions. Gulf Landings answered and counterclaimed, seeking an order requiring Mr. Hershberger to remove the cover. It too requested an award of attorneys' fees pursuant to the declaration of covenants and restrictions and pursuant to section 720.305, Florida Statutes (2001). In his answer to the counterclaim, Mr. Hershberger asserted section 720.305 as an additional ground for his claim for attorneys' fees.[1]
On January 18, 2002, after a final hearing, the trial court rendered a final declaratory judgment in favor of Mr. Hershberger. In that judgment, the trial court reserved jurisdiction to determine both entitlement to and the amount of attorneys' fees and costs awardable to Mr. Hershberger.
Prior to the entry of the judgment but after the trial court had orally pronounced its ruling, counsel for Mr. Hershberger provided Gulf Landings with his itemized billing statements and asked whether a hearing would be required to determine the issue of attorneys' fees. The matter was not amicably resolved and, within a week after the entry of the judgment, Mr. Hershberger served a notice of hearing scheduling a final hearing on the issue of attorneys' fees for April 8, 2002.
Gulf Landings waited until April 4, 2002, to file a memorandum in opposition to the claim. The memorandum pointed out that Mr. Hershberger had failed to file a motion for attorneys' fees and costs within the 30 days allotted by Florida Rule of Civil Procedure 1.525. Indeed, it is undisputed that Mr. Hershberger never filed a postjudgment motion for attorneys' fees. Gulf Landings argued that no award of fees or costs could be entered without a timely motion.
The trial court granted Mr. Hershberger's claim for attorneys' fees in the amount of $4,300.00 and awarded costs of $177.50. The trial court concluded that Mr. Hershberger did not need to comply with rule 1.525 because the trial court had specifically reserved jurisdiction in the final judgment to resolve the issues necessary to award attorneys' fees.
With some reluctance, we must reverse this order. Although Gulf Landings was *346 aware of the claim for attorneys' fees and the legal basis for the request within one week of the final judgment, and therefore could not have been prejudiced by the procedures used by both Mr. Hershberger and the trial court, rule 1.525 was created to establish a bright-line rule governing the timeliness of posttrial motions for costs and attorneys' fees. See Diaz v. Bowen, 832 So.2d 200, 201 (Fla. 2d DCA 2002). That rule, which went into effect on January 1, 2001, before the complaint in this case was filed, states:
Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
Fla. R. Civ. P. 1.525; Amendments to Florida Rules of Civil Procedure, 773 So.2d 1098 (Fla.2000).
It is no longer enough for parties to plead a basis for fees in their pretrial pleadings. Likewise, it is no longer sufficient for a trial court to "reserve jurisdiction" with a final judgment to resolve the issues of attorneys' fees and costs. These circumstances cannot overrule the plain language of rule 1.525, which requires a party seeking fees and costs to "serve a motion within 30 days after the filing of the judgment." Special rules for such circumstances would simply return the courts to an era in which the time for the filing of these motions would again be uncertain. See, e.g., Wunderle v. Fruits, Nuts & Bananas, Inc., 715 So.2d 325 (Fla. 2d DCA 1998) (determining whether posttrial motion for attorneys' fees had been filed within a "reasonable time").
Mr. Hershberger argues that his notice of hearing can be considered a "motion" for the purposes of rule 1.525. Indeed, rule 1.525 does not specify what constitutes an adequate motion. We have considered whether the notice of hearing in this case could be treated as a motion for attorneys' fees under Florida Rule of Civil Procedure 1.100(b), which provides that the requirement for a written motion "is fulfilled if the motion is stated in a written notice of the hearing of the motion." However, rule 1.100(b) also requires that motions "state with particularity the grounds therefor," and "set forth the relief or order sought." Unfortunately, the notice of hearing in this case simply indicates the date of "the final hearing on attorney's fees." It contains no reference to the grounds upon which fees were sought or the amount requested. It also omits any mention of costs. Under these circumstances, the notice of hearing cannot be interpreted to incorporate a "motion" as defined in rule 1.100(b).
There is little question that bright-line rules can create inequities like those apparent in this case. This is especially true in the first few years of their existence when attorneys are still adapting to the new procedures. Equitable exceptions to bright-line rules, however, can create as many problems as they solve. The Florida Rules of Civil Procedure Committee has concluded that a bright-line test should exist. Amendments to Florida Rules of Civil Procedure, 773 So.2d 1098. The supreme court has adopted that approach. Id.; see also Fla. R. Civ. P. 1.525 committee notes (2000 adoption). As unpleasant as it is to strictly enforce rule 1.525 in this case, it must be enforced. Accordingly, we reverse the order awarding attorneys' fees and costs.
Reversed.
FULMER and CASANUEVA, JJ., concur.
NOTES
[1] Indeed, both parties have sought appellate attorneys' fees on these same grounds before this court.