873 So.2d 1264 (2004)
Danny ATKINS and Jan Walker, Appellants,
v.
Grace ERIS and Kaye C. Howerton, Appellees.
No. 1D03-0306.
District Court of Appeal of Florida, First District.
May 28, 2004.
*1265 Charles F. Beall, Jr., of Moore, Hill & Westmoreland, P.A., Pensacola, for Appellants.
R. John Westberry of Holt & Westberry, P.L., Pensacola, for Appellees.
VAN NORTWICK, J.
Danny Atkins and Jan Walker seek reversal of a supplemental final judgment in favor of appellees, Grace Eris and Kaye C. Howerton, assessing attorney's fees against Walker and assessing costs against Atkins and Walker. For the reasons that follow, we reverse.
On December 10, 2001, the trial court entered a final judgment following a bench trial in August 2001 in an action brought by Eris against Walker and Atkins seeking to rescind a warranty deed and to set aside a mortgage, among other relief. On September 7, 2001,[1] Eris filed one of the motions which was a subject of the order on appeal. Eris does not contest the claim of Atkins and Walker that this motion was not filed within 30 days of the rendition of the final judgment. Instead, Eris argues that the September 7 motion was a motion seeking costs and that this motion was served within ten days of the trial court's oral pronouncement of its decision at the conclusion of the bench trial. On its face, however, the September 7 motion does not seek taxable costs. Rather, the motion seeks only to have an award of attorney's fees assessed.[2] Because the *1266 motion of September 7 did not expressly seek costs, it cannot serve as a basis for an award of costs. Gulf Landings Ass'n v. Hershberger, 845 So.2d 344, 346 (Fla. 2d DCA 2003). Accordingly, we reverse the award of costs based upon the September 7 motion. We do not address the timeliness issue with respect to the September 7 motion.
Eris' motion of January 23, 2002, which does expressly seek an award of costs, was not served within 30 days of the filing of the final judgment on December 10, 2001. A motion which is not served "within 30 days after filing of the judgment" does not satisfy the explicit requirements of rule 1.525, Florida Rules of Civil Procedure. Rule 1.525 is mandatory. Ulico Cas. Co. v. Roger Kennedy Constr., Inc., 821 So.2d 452, 453 (Fla. 1st DCA 2002). Thus, we reverse the award of costs based upon the January 23 motion.
As for the award of attorney's fees, Walker does not argue that the motions for an award of attorney's fees were untimely, but asserts that the motions state no permissible basis for an award of attorney's fees. We agree. In her motions, Eris sought attorney's fees pursuant to the terms of a shareholders' agreement to which Eris and Walker were parties. The agreement provides in pertinent part that: "[i]n the event a suit or proceeding is brought by a party to this Agreement to enforce or defend its provisions, or seek remedy for any breach thereof, the prevailing party or parties shall be entitled to receive its reasonable attorney's fees...." The relief granted to Eris by the final judgment, however, was not based upon a finding that Walker breached a provision of the shareholders' agreement and did not enforce or defend any provision of the shareholders' agreement. Thus, the shareholders' agreement, by its terms, does not provide a basis for an award of attorney's fees in this action. No other basis for an award has been alleged by Eris. Accordingly, we are constrained to reverse the award of attorney's fees.
The supplemental final judgment is reversed in its entirety.
KAHN and WEBSTER, JJ., concur.
NOTES
[1] Eris states that this motion was filed on September 2, 2001. There is no motion of record dated September 2, 2001, however. There is a motion in the record on appeal which is dated September 7, 2001, and which bears a filing stamp of September 7, 2001.
[2] In the motion dated September 2, 2001, and filed September 7, 2001, Eris sought an assessment of attorney's fees against "both the Defendants." However, by an amended motion dated September 13, 2001, Eris sought attorney's fees only against defendant Walker.