905 So.2d 153 (2004)
John BRAY and Elizabeth Bray, Appellants,
v.
Chester GRABOWSKI and Stephen S. Rice, individually and as Trustee of The Stephen S. Rice Living Trust, Appellees.
No. 3D04-1087.
District Court of Appeal of Florida, Third District.
December 29, 2004.
Rehearing and Rehearing Denied July 13, 2005.
*154 Browning, Sireci, P.A., and Charlene G. Guller (Key West), for appellants.
Wayne Larue Smith and Seth D. Corneal (Key West), for appellees.
Before GERSTEN and FLETCHER, JJ., and HARRIS, CHARLES M., Senior Judge.
Rehearing and Rehearing En Banc Denied July 13, 2005.
PER CURIAM.
This appeal challenges the award of attorneys fees when there had been no motion for attorneys fees made within the thirty-day period required by Rule 1.525, Florida Rules of Civil Procedure, following the notice of voluntary dismissal, when there was no reservation of jurisdiction within that thirty-day period and no showing of excusable neglect which would relieve the claimant from complying with the rule. We reverse.
The Fourth District Court of Appeal has waived the requirements of Rule 1.525 when the reservation of jurisdiction to consider attorneys fees was a part of the final judgment and thus "extend[ed] the time for filing a motion for attorneys fees." See Fisher v. John Carter & Assocs., Inc., 864 So.2d 493, 496 (Fla. 4th DCA 2004). Fisher acknowledged that had the reservation not occurred within the thirty-day requirement of Rule 1.525, then only a showing of excusable neglect could extend the period. See also Gulliver Academy, Inc. v. Bodek, 694 So.2d 675 (Fla.1997).
This court agreed with Fisher that the trial court may extend the thirty-day requirement contained in Rule 1.525 if there is a reservation of jurisdiction in the final judgment. See Saia Motor Freight Line, Inc. v. Reid, 888 So.2d 102 (Fla. 3d DCA 2004). This authority, however, is not applicable here.
In this case, the notice of voluntary dismissal was filed on February 25, 2002, and the trial court, acting on the recommendation of a special master, did not reserve jurisdiction to consider the issue of attorney fees until April 3, 2002, after the expiration of the thirty-day period. The motion for attorney fees was not filed until May 27, 2003, over a year after the cause had been dismissed. This would have been untimely under Gulliver Academy even had the trial court timely reserved jurisdiction.
Under the facts of this case, the motion for fees was untimely and no excusable neglect was shown to authorize the court to award attorney fees and costs.
REVERSED and REMANDED for further action consistent with this opinion.