914 So.2d 8 (2005)
John H. BRAXTON, Appellant,
v.
Debbie Wilcox MORRIS, as Holmes County Supervisor of Elections, and The Honorable Robert Earl Brown, as Chairman of Holmes County Election Canvassing Board and County Court Judge, Appellees.
No. 1D04-3999.
District Court of Appeal of Florida, First District.
June 1, 2005.
Rhonda S. Clyatt, Panama City, for Appellant.
Gerald Holley, Chipley, for Appellee.
VAN NORTWICK, J.
John H. Braxton appeals an order denying attorney's fees and costs on the ground that, contrary to rule 1.525, Florida Rules of Civil Procedure, Braxton failed to file his motion seeking fees and costs within thirty days of the date of the entry of the final judgment in Braxton's action against Debbie Wilcox Morris, as Holmes County Supervisor of Elections, and Robert Earl Brown, as chairman of the Holmes County Election Canvassing Board, appellees. In the final judgment, the trial court had reserved jurisdiction to address the entitlement to attorney's fees. The issue presented here is whether such reservation of jurisdiction works to extend the thirty-day period provided by rule 1.525. We hold that the reservation of jurisdiction does not act as an automatic extension of time and affirm.
In Smith v. Smith, 902 So.2d 859 (Fla. 1st DCA 2005), this court has recently explained the inter-district conflict on the issue before us:
The Third and Fourth Districts have held that the trial court may extend rule 1.525's time period for filing an attorney's-fee motion if there is a reservation *9 of jurisdiction in the final judgment. See Bray v. Grabowski, 905 So.2d 153, 2004 WL 3001070 (Fla. 3d DCA Dec. 29, 2004); Fisher v. John Carter & Assocs., Inc., 864 So.2d 493, 496 (Fla. 4th DCA 2004); Saia Motor Freight Line, Inc. v. Reid, 888 So.2d 102 (Fla. 3d DCA 2004). However, the Second and Fifth Districts have rejected this position, and have held that a reservation of jurisdiction cannot serve to extend the 30-day period established in rule 1.525. See Mook [v. Mook], 873 So.2d [363] at 364[ (Fla. 2nd DCA 2004) ]; Gulf Landings Ass'n, Inc. v. Hershberger, 845 So.2d 344, 345-46 (Fla. 2d DCA 2003); Wentworth v. Johnson, 845 So.2d 296, 299 (Fla. 5th DCA 2003). Although this court has agreed with the Second and Fifth Districts in deciding that the requirements of rule 1.525 are mandatory, see Atkins v. Eris, 873 So.2d 1264, 1266 (Fla. 1st DCA 2004), and Ulico Cas. Co. v. Roger Kennedy Construction, Inc., 821 So.2d 452, 453 (Fla. 1st DCA 2002), it also holds [in Dep't of Transp. v. Southtrust Bank, 886 So.2d 393 (Fla. 1st DCA 2004)] that rule 1.525 must be considered in conjunction with Florida Rule of Civil Procedure 1.090(b)....
Id. at 862. Thus, a party seeking fees or costs must comply with the thirty-day filing requirement of rule 1.525 "unless, by motion filed pursuant to rule 1.090(b) either before or after the 30 days has run, the movant seeks an enlargement of time." Southtrust, 886 So.2d at 395.
We recognize that applying the thirty-day requirement under rule 1.525 in such a strict manner may seem harsh or inequitable where the trial court has previously reserved jurisdiction. Nevertheless, we find persuasive Judge Altenbernd's reasoning:
Indeed, if a provision in a final judgment reserving jurisdiction to determine the issue of attorneys' fees were to act as an automatic but indefinite extension of time for filing a written motion, courts would again be faced with determining on a case-by-case basis what length of time thereafter was reasonable for filing a motion for fees, or whether motions for fees filed long after entry of judgment were unreasonably delayed and should be denied. This would undermine the intent of rule 1.525.
Lyn v. Lyn, 884 So.2d 181, 185 (Fla. 2d DCA 2004) (citations omitted).
Accordingly, we affirm the order denying fees and costs. We certify conflict with Fisher v. John Carter & Assocs., 864 So.2d 493 (Fla. 4th DCA 2004).
WOLF, C.J. and BROWNING, J., concur.