914 So.2d 983 (2005)
CERTIFIED MARINE EXPEDITIONS, Appellant,
v.
FREEPORT SHIPBUILDING, INC., Appellee.
No. 1D04-4573.
District Court of Appeal of Florida, First District.
September 23, 2005.
Rehearing Denied November 28, 2005.
*984 Janice L. Merrill of the Unger Law Group, P.L., Orlando, for Appellant.
Bruce D. Partington of Clark, Partington, Hart, Larry, Bond & Stackhouse, Pensacola, for Appellee.
BROWNING, J.
Appellant obtained an order confirming an arbitration award in its favor, and thereafter moved for attorneys' fees and costs. The trial court found the motion was timely and awarded costs, but denied fees on the ground that the request was not supported by expert testimony. We affirm the denial of fees and reverse the award of costs because the motion was untimely.
Motions for attorneys' fees must be served within 30 days after filing of a judgment. See Fla. R. Civ. P. 1.525. Appellant served its motion 31 days after rendition of the order confirming the arbitration award, yet Appellant argues that its motion was not untimely because, in the order, the trial court reserved jurisdiction to award fees and costs. Recently, this court addressed this argument in Braxton v. Morris, 914 So.2d 8 (Fla. 1st DCA 2005).
In Braxton, we concluded that a reservation of jurisdiction does not extend the time to seek attorneys' fees, saying "a party seeking fees or costs must comply with the thirty-day filing [sic] requirement of rule 1.525 `unless, by motion filed pursuant to [Florida Rule of Civil Procedure] 1.090(b) either before or after the 30 days has run, the movant seeks an enlargement of time.'" Id. at 9 (citation omitted). Rule 1.090(b) provides for an extension of time on a showing of excusable neglect. Although Appellant moved to have the trial court treat its amended motion for costs and attorneys' fees as a motion for extension of time under this rule, Appellant is not entitled to relief.
The trial court did treat Appellant's amended motion as a rule 1.090(b) motion and found that Appellant showed excusable neglect. We hold that the trial court erred in doing so, because Appellant never presented any evidence of excusable neglect to the trial court.
We emphasize that, despite loose language in other opinions from this and other courts, rule 1.525 speaks to service, rather than filing, of motions for costs or attorneys' fees. Cf., e.g., Braxton; Smith v. Smith, 902 So.2d 859 (Fla. 1st DCA 2005); Fisher v. John Carter & Assocs., 864 So.2d 493 (Fla. 4th DCA 2004); Gulf Landings Ass'n, Inc. v. Hershberger, 845 So.2d 344 (Fla. 2d DCA 2003); Wentworth v. Johnson, 845 So.2d 296 (Fla. 5th DCA 2003); Ulico Casualty Co. v. Roger Kennedy Construction, Inc., 821 So.2d 452, 453 (Fla. 1st DCA 2002).
For the above reasons, we hereby AFFIRM in part and REVERSE in part the trial court's order, and REMAND for further proceedings in accordance with this opinion. As we did in Braxton, we certify conflict with Fisher.
KAHN, C.J.; and THOMAS, J., concur.