919 So.2d 665 (2006)
Lewis Frank HART, Petitioner,
v.
CITY OF GROVELAND, Respondent.
No. 5D05-2745.
District Court of Appeal of Florida, Fifth District.
January 27, 2006.
*666 Michael W. Woodward of Keyser & Woodward, P.A., Interlachen, for Petitioner.
Anita R. Geraci of Gray, Robinson, P.A., Clermont, and Dana G. Toole of Dunlap, Toole, Shipman & Whitney, P.A., Tallahassee, for Respondent.
SHARP, W., J.
Hart petitions this court for certiorari review of the circuit court's order which, in response to Hart's petition for certiorari challenging four annexation ordinances enacted by the City of Groveland in violation of chapter 171, struck Hart's motion to determine reasonable attorney's fees and costs. We grant the writ.
The record establishes that in November 2003, Hart filed a verified petition for writ of certiorari pursuant to section 171.081, Florida Statutes (2003), challenging four annexation ordinances. He also sought an award of costs and attorney's fees, as provided by section 171.081. The court granted the writ and quashed three of the ordinances completely and partially quashed the fourth. The court also awarded Hart costs and attorney's fees and reserved jurisdiction to fix the amounts "if the parties cannot reach agreement as to that amount."
When negotiations failed, Hart filed a motion to determine these amounts and accompanied the motion with an affidavit sufficient to establish fees and costs. The City filed a motion to strike Hart's claim for attorney's fees and costs, or in the alternative, a motion to compel discovery. It argued that Hart was not entitled to fees and costs because Hart had not personally paid them himself. Other people had advanced some fees and costs on his behalf and one person had even guaranteed payment of all his fees and costs. The City also argued Hart's motion was untimely under Florida Rule of Civil Procedure 1.525 because it was filed more than thirty days after the final judgment was rendered.
*667 The circuit court granted the City's motion on the grounds that all fees and costs paid by persons other than Hart were not recoverable, citing City of Boca Raton v. Boca Villas Corp., 372 So.2d 485 (Fla. 4th DCA 1979), and that his motion was untimely under rule 1.525. Hart moved for rehearing, citing Aspen v. Bayless, 564 So.2d 1081 (Fla.1990), which retreats substantially from the rule articulated in City of Boca Raton. Hart also filed a motion pursuant to Florida Rule of Civil Procedure 1.090(b)(2), seeking on the basis of excusable neglect, an enlargement of time to file his motion to determine attorney's fees and costs. The court conducted a hearing on the motion, issued an order granting Hart's motion for enlargement of time because of excusable neglect and lack of prejudice to the City. However, it denied Hart's motion for rehearing on the merits. We grant the writ.

I. AWARD OF FEES PURSUANT TO SECTION 171.081, FLORIDA STATUTES
Section 171.081 provides for review by means of certiorari of a city's action taken to annex or contract its boundaries by ordinances:
No later than 30 days following the passage of an annexation or contraction ordinance, any party affected who believes that he or she will suffer material injury by reason of the failure of the municipal governing body to comply with the procedures set forth in this chapter for annexation or contraction or to meet the requirements established for annexation or contraction as they apply to his or her property may file a petition in the circuit court for the county in which the municipality or municipalities are located seeking review by certiorari. In any action instituted pursuant to this section, the complainant, should he or she prevail, shall be entitled to reasonable costs and attorney's fees. (emphasis added)
The complainant in such cases, if successful, is entitled to reasonable costs and attorney's fees. City of Tallahassee v. Kovach, 733 So.2d 576 (Fla. 1st DCA 1999). Hart appears to have satisfied all substantive and procedural requirements of the statute to be awarded attorney's fees and costs.
In this case, the trial court relied on City of Boca Raton as the basis for denying Hart attorney's fees. That case held that since costs are in the nature of an indemnification, no award should be made to a party unless that party seeking payment has either paid the items claimed or incurred liability to do so. City of Boca Raton, 372 So.2d at 485.
However, the rule in City of Boca Raton was not followed by this court in Hough v. Huffman, 555 So.2d 942 (Fla. 5th DCA 1990). In that case, an automobile accident victim sought and was denied recovery against the defendant in a negligence case. The trial court awarded the defendant costs incurred in defending the lawsuit. We held that the award was proper, even though the defendant's insurance company had paid the costs. We relied on the contractual relationship between an insured and insurer, as well as not wanting to afford a windfall to a non-prevailing party. We cited a conflict with Aspen v. Bayless, 552 So.2d 298 (Fla. 2d DCA 1989).
The Florida Supreme Court accepted jurisdiction and consolidated City of Boca Raton with Hough. It held that a party is not precluded from recovering costs under the rule of civil procedure pertaining to offer of judgment or after judgment in its favor, "when someone other than the named party pays or advances those costs." Aspen v. Bayless, 564 So.2d 1081 (Fla.1990). The holding goes beyond insurance *668 cases and applies the rule permitting recovery of costs to all cases.
[W]hen the funds used to pay the costs were furnished by a third person without any obligation of repayment. Under this analysis, an indigent personal injury plaintiff who had paid the filing fee with funds given to him by a relative would not be able to recover the filing fee as part of his costs upon the successful completion of his lawsuit. It is unnecessary to inquire into the source of funds used for the initial payment of taxable costs to the winning party. The fact that the insurance company can require Aspen to turn over the costs recovered from Bayless under principles of subrogation is of no moment in this suit in which Aspen is merely seeking a judgment for costs against Bayless.
564 So.2d at 1083.
The Florida Supreme Court reaffirmed its holding in Aspen, in Pine Island Lumber, Inc. v. Festa, 575 So.2d 204 (Fla.1991). In addition, the supreme court extended the holding to include attorney's fees. See Drew v. Couch, 565 So.2d 1354 (Fla.1990) (framing the issue as whether a prevailing party may recover costs and when applicable, attorney's fees when an insurance company has paid such costs on behalf of the prevailing party). Although most of the cases applying Aspen have been cases in which the nonparty who advanced costs or attorney's fees for a party was an insurer, the courts have not interpreted the holding in Aspen, as being limited solely to cases involving insurers. In Williams v. Brochu, 578 So.2d 491 (Fla. 5th DCA 1991), abrogated on other grounds, White v. Steak and Ale of Florida, Inc., 816 So.2d 546 (Fla.2002), this court stated:
The Florida Supreme Court recently rejected the argument that a party is precluded from recovering costs and attorney fees under rules and statutes such as Rule 1.442 and sections 45.061 and 768.79, Florida Statutes, when an insurance company or other third party pays or advances those costs or fees. (footnote omitted)
578 So.2d at 494.

II. Florida Rule of Civil Procedure 1.525
The other basis on which the circuit court granted the City's motion to strike was that Hart filed his motion to determine attorney's fees more than 30 days after rendition of the judgment.
Rule 1.525 provides:
Any party seeking a judgment taxing costs, attorney's fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
The district courts have taken a strict view of this rule. See, e.g., Braxton v. Morris, 914 So.2d 8 (Fla. 1st DCA 2005); Lyn v. Lyn, 884 So.2d 181 (Fla. 2d DCA 2004). Reservation in a judgment of jurisdiction to award fees does not override the 30-day requirement of the Rule. Mook v. Mook, 873 So.2d 363 (Fla. 2d DCA 2004). The mere request for fees and costs in a complaint or answer simply puts the other party on notice a claim may be sought at the close of the case. But to effectuate an award, a separate motion must be timely filed, in order to comply with this rule. Wentworth v. Johnson, 845 So.2d 296 (Fla. 5th DCA 2003). Further, an extension of time to file a motion for costs and attorney's fees, provided by Florida Rule of Civil Procedure 1.090(b) must be filed within the 30-day period, unless excusable neglect can be established. Lyn, 884 So.2d at 185; Fla. R. Civ. P. 1.090(b).
In this case, although the motion for determining attorney's fees and costs *669 was made beyond the 30-day period, the trial court did hold a hearing on the motion to extend time and it found excusable neglect, presumably based upon the fact that the parties had been directed to negotiate the amounts awardable, were doing so in good faith, and the negotiations ran beyond the 30-day time period of the Rule. Those circumstances are adequate to avoid application of the "bright line rule" of Rule 1.525.
However, we question whether it makes sense to require a motion be filed within 30 days of the rendering of a judgment, when the judgment itself awards one party attorney's fees and costs, as was done in this case.[1] The Rule specifically references "any party seeking a judgment taxing costs, attorneys fees or both." If a party already has a judgment granting attorney's fees and costs, it would appear superfluous to require such a party to file a motion seeking to tax them again. The court has, in essence, already ruled to tax them and all that remains is a determination of the reasonable amount.
Petition for Writ of Certiorari GRANTED; Order Striking Motion for Attorney's fees and Costs QUASHED.
PLEUS, C.J., and ORFINGER, J., concur.
NOTES
[1] The final judgment provided:

Respondent, City of Groveland, shall pay Petitioner Lewis Frank Hart, his reasonable costs and attorney's fees as provided by Section 171.081 of the Fla. Stats., and the Court reserves jurisdiction to fix the amount of such costs and fees if the parties cannot reach agreement as to that amount. (emphasis added).