978 So.2d 811 (2008)
PARROT COVE MARINA, LLC, Appellant,
v.
DUNCAN SEAWALL DOCK & BOATLIFT, INC., Appellee.
Nos. 2D06-3720, 2D06-4582.
District Court of Appeal of Florida, Second District.
February 20, 2008.
*812 Charles F. Johnson, Mary Fabre LeVine, and Fred E. Moore of Blalock, Walters, Held & Johnson, P.A., Bradenton, for Appellant.
Douglas R. Bald of Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi, P.A., Sarasota, for Appellee.
VILLANTI, Judge.
Parrot Cove Marina, LLC, appeals two orders of the trial court: a final judgment of foreclosure and an award of attorney's fees and costs in favor of Duncan Seawall Dock & Boatlift, Inc. For the reasons explained below, we affirm the final judgment of foreclosure but reverse the award of attorney's fees and costs.
Parrot Cove and Duncan entered into an agreement under which Duncan would excavate silt material from property owned by Parrot Cove. It appears that a dispute arose between the parties after Duncan began performing the work, and Parrot Cove did not pay part of the contract price. On May 4, 2005, Duncan filed a lawsuit against Parrot Cove for breach of contract and foreclosure of a lien on the property. During most of the litigation, Parrot Cove was represented by the Mackey Law Group, P.A. On January 17, 2006, following a case management conference, the trial court issued an "Order Scheduling Case for Non-Jury Trial," which included the following language pertinent to this appeal:
1. Trial Date. This Cause is hereby set for non-jury trial during the one-week trial period beginning JUNE 19, 2006. All counsel and pro se parties will be ready for trial at 8:30 a.m. on the first day of said trial period and will remain on standby status for the entire trial term until further notice by the court. Tentative and final trial dockets will be posted on our website, www.12 circuit.state.fl.us as soon as practicable. Pretrial will be scheduled only upon request.
A copy of the order was mailed to Parrot Cove's counsel, who had been present at *813 the hearing. Thereafter, neither side requested a pretrial conference.
On March 28, 2006, Parrot Cove's counsel served a motion to withdraw as counsel in the case. A copy of the motion to withdraw was mailed and also faxed to Parrot Cove. On May 18, 2006, following a hearing,[1] the trial court entered an order granting the Mackey Law Group's motion to withdraw as counsel for Parrot Cove. The trial court's order specifically stated that Parrot Cove had "thirty (30) days from the date of this order to obtain new counsel" and contained no reference to any changes in the pending trial date. A copy of the order granting the motion to withdraw was mailed to Parrot Cove.
As noted above, the trial court's scheduling order had already set the case for trial the week of June 19, 2006. We also note that a corporation must be represented by an attorney to defend or prosecute a lawsuit. Nicholson Supply Co. v. First Fed. Sav. & Loan Ass'n of Hardee County, 184 So.2d 438, 440-42 (Fla. 2d DCA 1966). Based on the trial court's order, Parrot Cove was required to obtain new counsel by June 17, 2006. Because June 17 was a Saturday, Parrot Cove had to obtain new counsel by the next business day  June 19, 2006  which, coincidentally, was the date when the one-week trial calendar began. The record contains no evidence that Parrot Cove retained new counsel on or before June 19, 2006. Parrot Cove did not appear for trial at any time during the week of June 19, nor did it make any effort to ascertain the status of the trial, despite the fact that the order scheduling trial provided a website through which Parrot Cove could easily confirm tentative and final trial dockets.[2] Furthermore, the record does not reflect any effort on Parrot Cove's part to alert the trial court of any difficulty obtaining counsel. On appeal, Parrot Cove could not point to anything objective in the record as to why it failed to abide by the trial court's order to obtain new counsel within thirty days of the trial court's order.
On June 22, 2006, the trial court called the case for nonjury trial; Parrot Cove did not attend the trial. The trial proceeded that morning, and that same day the court entered a final judgment for construction lien foreclosure in favor of Duncan. On June 23, 2006, Parrot Cove's agent Robert Gertz, who is not a lawyer, sent a hand-written letter to the court alleging that Parrot Cove had not received notice of the trial date until the afternoon of June 22, 2006, when it received by mail a letter[3] dated June 19, 2006, from the trial judge's judicial assistant stating that the case would be called for trial on June 22, 2006. It is evident from this letter that Parrot Cove still had not retained new counsel as of June 23, 2006. On June 28, 2006, Parrot Cove's new counsel made an appearance, moving for rehearing and relief from final judgment. The trial court summarily denied Parrot Cove's motion. Parrot Cove appeals the trial court's final judgment of foreclosure, making two arguments.
First, Parrot Cove argues that it did not have sufficient notice of the trial because its counsel withdrew from representation. In support of its motion for rehearing and to set aside the final judgment, *814 Parrot Cove filed with the trial court Mr. Gertz's affidavit which stated:
Parrot Cove's prior counsel withdrew from this case in May 2006. At this time, prior counsel discussed this withdrawal with Affiant but never discussed the approaching trial date or any steps [Parrot Cove] would need to take with regard to it with Affiant or, to the best of Affiant's knowledge, with any other agent or representative of . . . Parrot Cove.
(Emphasis added.) Thus the affidavit did not actually assert that Parrot Cove's attorney never informed it of the trial date, only that counsel did not discuss the trial date with Parrot Cove when counsel withdrew from representation. Parrot Cove's argument would in effect require a trial court to readdress, reissue, or renotice any pending trial deadlines every time a party changes counsel during the pendency of a case. This burden-shifting proposal is untenable. Regardless, it is well established that "as agent of the client, any notice by or to the attorney in the proceeding is notice to the client." King-Coleman v. Geathers, 841 So.2d 593, 595 (Fla. 4th DCA 2003).
In all matters concerning the prosecution or defense of any proceeding in the court, the attorney of record shall be the agent of the client, and any notice by or to the attorney or act by the attorney in the proceeding shall be accepted as the act of or notice to the client.
Fla. R. Jud. Admin. 2.505(h). Although Parrot Cove argues that it did not receive notice of the trial date, it is clear from the record that on January 17, 2006  months before withdrawing as counsel in the case  Parrot Cove's counsel attended a case management conference related to the case, and the trial court mailed to Parrot Cove's counsel a copy of the order scheduling the case for trial the week of June 19, 2006. Moreover, the trial court's order granting counsel's motion to withdraw directed Parrot Cove to obtain new counsel within thirty days. It is clear from the record that Parrot Cove failed to abide by the trial court's order. Had Parrot Cove retained counsel within the requisite period of time, its new counsel would also have become aware of the upcoming trial, and Parrot Cove would have been represented at trial on June 22, 2006. Under these circumstances, notice of trial to Parrot Cove's counsel is considered notice of trial to Parrot Cove itself. Even if the affidavit were more specific in asserting Parrot Cove's lack of actual notice of trial, the trial court did not abuse its discretion in rejecting Parrot Cove's argument regarding lack of notice  legally or factually.
Second, Parrot Cove contends that an order setting the case for trial during a one-week period, rather than on a specific date, did not provide sufficient notice under Florida Rule of Civil Procedure 1.440(c). However, rule 1.440(c) only provides: "If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than 30 days from the service of the notice for trial." The order setting the trial "during the one-week trial period beginning JUNE 19, 2006," contained a date more than thirty days after the order's issuance and clearly complied with this rule. We note that the practice of setting cases for week-long or month-long trial calendars is common in many state and federal courts. Given the existing volume of litigation, many courts would be unable to function efficiently if they were not able to schedule trials in such fashion. In the context of this case, we reject Parrot Cove's argument that the scheduling order's directions that the parties be on "standby status" during the week-long trial term "until further notice by the court" *815 should be construed to require the trial court to issue a second notice with the exact day during that one week when the case would be tried. The clear import of the trial court's scheduling order was that absent indication from the court that the case had been removed from the trial docket, it would remain on "standby" during the week-long trial calendar. We affirm the trial court's final judgment of foreclosure.
Parrot Cove also appeals the trial court's order awarding Duncan attorney's fees and costs. The trial court's final judgment also provided:
Unless [Parrot Cove] shall pay [Duncan] the sums specified in paragraph 5 above, together with reasonable attorney's fees and costs of the suit as to which the Court reserves jurisdiction to enter supplementary relief on behalf of [Duncan], the Clerk of the Court shall advertise for and conduct a foreclosure sale in accordance with Section 45.031(1), Florida Statutes.
On July 20, 2006, Duncan served a notice of hearing, but no motion, on the issue of attorney's fees. On appeal, Duncan admits that Parrot Cove's counsel asked Duncan's counsel whether Duncan intended to file a motion for attorney's fees. Duncan's counsel responded that a motion for attorney's fees was not necessary. On July 21, 2006  twenty-nine days after the final judgment  Duncan served an amended notice of hearing, still without filing a motion, clarifying that the issue to be decided at the hearing would be "Attorney's Fees Determination Pursuant to Provisions of Final Judgment for Construction Lien Foreclosure." In fact, Duncan did not serve a motion for attorney's fees at any time. The trial court denied Parrot Cove's motion to strike Duncan's request for attorney's fees and costs and entered an order awarding Duncan $26,080 in attorney's fees and costs. On appeal, Parrot Cove argues that the award was improper because Duncan failed to serve a motion for attorney's fees and costs within thirty days of judgment as required by Florida Rule of Civil Procedure 1.525. We agree with Parrot Cove and reverse the trial court's award of attorney's fees and costs to Duncan.
Rule 1.525 provides: "Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal." Duncan did not file a motion for attorney's fees, but it simply noticed the matter for a hearing. Duncan invites us to make an exception to the requirements of rule 1.525 based on two arguments. First, relying on Hart v. City of Groveland, 919 So.2d 665 (Fla. 5th DCA 2006), Duncan invites this court to carve out an exception to the language of rule 1.525 which requires that a motion for attorney's fees be served in order to recover fees and costs. Duncan argues that the June 22, 2006, final judgment had already awarded it attorney's fees, leaving only the amount of fees for determination. Duncan points out that the Fifth District in Hart questioned "whether it makes sense to require a motion be filed within 30 days of the rendering of a judgment, when the judgment itself awards one party attorney's fees and costs." Hart, 919 So.2d at 669. The Fifth District then concluded that it would be superfluous to require a party to file a motion seeking to tax fees and costs where that party already has a judgment that awards it fees and costs. Id. at 669. Our precedent and the plain language of rule 1.525 prevent us from following Hart. In Gulf Shores, L.L.C. v. Riverwood Community Development District, 927 So.2d 246, 247-48 (Fla. 2d DCA 2006), we held that *816 "[e]ven if a trial court enters an order finding that a party is entitled to fees but reserving jurisdiction to determine the amount, the party must still serve a timely motion under rule 1.525." See also Molloy v. Flood, 884 So.2d 256, 257 (Fla. 2d DCA 2004) (holding that service of a notice of hearing where the final judgment reserved jurisdiction as to attorney's fees and costs did not comply with rule 1.525). Thus rule 1.525 is a bright-line rule that is strictly applied. Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598, 600 (Fla.2006). Therefore, Duncan was required to file a motion for attorney's fees and costs.
Second, Duncan invites this court to create an exception to the requirements set forth in rule 1.525 by relying on dictum from Gulf Landings Ass'n v. Hershberger, 845 So.2d 344, 346 (Fla. 2d DCA 2003). In Gulf Landings this court held that a notice of hearing which simply provided the date for a final hearing on attorney's fees did not comply with the requirement of rule 1.525. Gulf Landings, 845 So.2d at 346. However, in Gulf Landings Judge Altenbernd suggested that there might be a set of circumstances under which a notice of hearing might contain information sufficient to bring the notice under the definition of a "motion" set forth in Florida Rule of Civil Procedure 1.100(b). Id. We decline Duncan's request that we apply Gulf Landings' dicta to this case because, in our view, this case does not present the set of circumstances alluded to in Gulf Landings. Duncan's notice of hearing did not contain such information  it merely referenced the final judgment. Because Duncan failed to file a motion for fees which complied with rule 1.525[4] within the thirty-day time period prescribed by the rule, the trial court's fees and costs award must be reversed.
In closing, we note that Duncan has properly filed a motion for appellate attorney's fees pursuant to Florida Rule of Appellate Procedure 9.400(a)-(b) and section 713.29, Florida Statutes (2006). Parrot Cove filed a motion for attorney's fees pursuant to rule 9.400(a).[5] Parrot Cove prevailed on the attorney's fee issue only because Duncan failed to comply with rule 1.525. Rule 1.525 does not provide a substantive basis to support an award of attorney's fees to Parrot Cove even though it was a party that benefited from Duncan's noncompliance with the rule. Therefore, we deny Parrot Cove's appellate fees motion because it did not prevail on a substantive issue.[6] Based upon our holding, we tentatively grant Duncan's appellate fee request, but we remand to the trial court for further proceedings to consider the issues of entitlement and fee amounts. Florida Rule of Civil Procedure 1.525 and Florida Rule of Appellate Procedure 9.400 provide separate and distinct rights to attorney's fees. Therefore, as to Duncan, its prior noncompliance with rule 1.525 does *817 not preclude its timely filed motion for appellate attorney's fees under rule 9.400(b). To the extent that the parties' motions request costs, the requests are stricken without prejudice to either party filing an appropriate request with the circuit court. See Fla. R.App. P. 9.400.
Affirmed in part, reversed in part, and remanded with directions.
WHATLEY, J., and BARBAS, REX MARTIN, Associate Judge, Concur.
NOTES
[1] The record on appeal does not contain a transcript of that hearing.
[2] Also, nothing prevented Parrot Cove from calling the judicial assistant or other attorneys on the docket to confirm the date of trial.
[3] We view this letter as a courtesy because it was not required or referenced in the order setting the case for trial. The parties had no expectation such a letter would be issued, and therefore, its timely receipt was not an issue that would change this analysis.
[4] Because the rule itself contains little procedural or substantive guidance as to what should be contained in the motion for fees, we suggest it would be appropriate for the Civil Procedure Rules Committee to consider adding such further guidance as it deems appropriate. This would hopefully then prevent confusion as to when, if ever, a notice of hearing should actually be regarded as a motion for fees.
[5] Parrot Cove's motion for appellate fees also claimed entitlement to attorney's fees based on the parties' contract. In its response to Duncan's motion for rehearing or clarification, Parrot Cove explained that Duncan's complaint below had claimed entitlement to attorney's fees pursuant to the parties' contract and that, therefore, Parrot Cove was entitled to recovery of appellate fees under the same contract.
[6] Thus, it is immaterial that the parties' contract may have contained a provision for attorney's fees.