STRINGER, Judge.
William and Sheryl McDaniel seek review of the trial court’s order denying their motion for attorney’s fees and costs after they successfully prosecuted a mortgage foreclosure action against Cecil Ed-monds. The trial court denied the McDaniels’ motion for attorney’s fees and costs even though it had already determined their entitlement to such because the McDaniels’ motion did not specifically state the legal basis for the award. We reverse based on our determination that the motion was facially sufficient.
On February 26, 2007, the trial court rendered an order in the mortgage foreclosure action finding that Edmonds defaulted on the mortgage held by the McDaniels by failing to insure the property. The court found that it would not be inequitable or unconscionable to foreclose on the property. The court also found that the McDaniels were entitled to attorney’s fees and costs, which were sought pursuant to the mortgage and promissory note at issue. The court did not enter a final judgment of foreclosure or award attorney’s fees and costs but reserved jurisdiction to determine the amount of attorney’s fees and costs and stated that it would enter a final judgment of foreclosure thereafter.
The McDaniels filed a motion for attorney’s fees and costs before the court’s oral pronouncement could be reduced to writing. The McDaniels’ motion for attorney’s fees and costs stated:
1. At the conclusion of the trial of this foreclosure action, the Court ruled that Plaintiffs were entitled to recover their attorneys’ fees and costs with respect to this action.
2. Accordingly and to comply with the time limitations imposed by the Florida Rules of Civil Procedure, Plaintiffs respectfully request that the Court proceed to set the amount of attorney’s fees and costs they should be awarded.
WHEREFORE, Plaintiffs respectfully request that this Court enter an order awarding them their fees and costs, proceeding to enter a final judgment and setting a date for the foreclosure sale, and granting Plaintiffs such further and additional relief as this cause and justice may require.
The trial court denied the motion as facially insufficient because it did not specifically allege a legal basis for attorney’s fees and costs. The court cited to Atkins v. Eris, 873 So.2d 1264 (Fla. 1st DCA 2004), and Gulf Landings Ass’n, Inc. v. Hershberger, 845 So.2d 344 (Fla. 2d DCA 2003), in support of its holding. The McDaniels filed a timely notice of appeal from that order.
Florida Rule of Civil Procedure 1.100(b) requires that a motion “shall state with particularity the grounds therefor, and shall set forth the relief or order sought.” In this case, the McDaniels’ motion sought attorney’s fees and costs that the court had determined the McDaniels were entitled to recover at the conclusion of the trial on their mortgage foreclosure action. While the motion does not specifically state that the court determined entitlement pursuant to the mortgage and promissory note, the specific legal basis for the fee award was not at issue. At the time the McDaniels filed their motion, the only issue left to determine was the amount of fees and costs to which they were entitled pursuant to the February 26, 2007, order. The McDaniels’ motion put Edmonds on notice that they were seeking fees pursuant to this award. Therefore, the motion was facially sufficient under rule 1.100(b).
Atkins and Gulf Landings, as relied upon by the trial court, do not require a different result. In Atkins, the trial court entered a final judgment in favor of plain *11 tiff Eris that rescinded a warranty deed and set aside a mortgage. 873 So.2d at 1265. Eris filed a motion for attorney’s fees pursuant to the shareholder agreement to which Eris and one of the defendants were parties. Id. at 1266. The provision of the shareholder agreement at issue provided for fees when a suit was brought pursuant to the agreement to enforce or defend its provisions or to recover for a breach of the provisions. The First District reversed the award of attorney’s fees because it was not based on a suit to enforce or defend the shareholder agreement or to recover for a breach of the shareholder agreement. Id.
The basis for the trial court’s determination that attorney’s fees should not have been awarded in Atkins was that the provision of the contract they were sought under did not apply. In this case, there is no dispute that the promissory note and mortgage provided for an award of fees. In fact, in this case, the trial court had already issued an order determining the McDaniels’ entitlement to attorney’s fees pursuant to the promissory note and mortgage.
In Gulf Landings, the trial court entered a final judgment in favor of a homeowner who sought a declaratory judgment concerning whether the homeowner had violated the homeowners’ association’s deed restrictions. 845 So.2d at 345. In his complaint, the homeowner sought attorney’s fees pursuant to the declaration of covenants and restrictions and section 720.305, Florida Statutes (2001). In the final judgment, the court reserved jurisdiction to determine entitlement to and the amount of attorney’s fees.
Instead of serving a motion for attorney’s fees after the entry of final judgment, the homeowner served a notice of hearing indicating only the date of the final hearing on attorney’s fees. Id. The trial court awarded fees, but this court reversed on the basis that a motion was required under Florida Rule of Civil Procedure 1.525. Id. at 346. This court also declined to treat the notice of hearing as a motion because it did not comply with rule 1.100(b) by stating the grounds for the motion with particularity. The court noted that the motion “contains no reference to the grounds upon which fees were sought or the amount requested. It also omits any mention of costs.” Id.
The basis for this court’s determination that attorney’s fees should not have been awarded in Gulf Landings was that a formal motion was not filed in compliance with rule 1.525. In this case, the McDan-iels complied with the rule by filing a formal motion for fees. In Gulf Landings, this court held that it would not consider the notice of hearing as a motion for attorney’s fees because the notice did not specify a basis for the fee award but merely stated the date of the hearing on attorney’s fees. In addition, the motion did not specify the amount requested and completely omitted costs. Because the trial court had not ruled on entitlement, it was impossible for the court in Gulf Landings to determine the legal basis for the requested attorney’s fees. In this case, however, the fee motion stated the basis for fees as the court’s determination of entitlement at the end of the trial of their mortgage foreclosure action.
We likewise reject Edmonds’ argument that this court’s recent decision in Parrot Cove Marina, L.L.C. v. Duncan Seawall Dock & Boatlift, Inc., 978 So.2d 811 (Fla. 2d DCA 2008), supports the trial court’s decision to deny the McDaniels’ motion for attorney’s fees. In Parrot Cove, the final judgment of foreclosure provided for reasonable attorney’s fees and costs and reserved jurisdiction to determine the amount. Id. at 815. Instead of serving a motion for attorney’s fees thereafter, the mortgagor served a notice of hearing. *12 That notice stated that the issue to be decided at the hearing was ‘“Attorney’s Fees Determination Pursuant to Provisions of Final Judgment for Construction Lien Foreclosure.’” Id. This court reversed the order awarding attorney’s fees because no motion had been filed as required by rule 1.525. Id. This court declined to treat the notice of hearing as a motion for attorney’s fees under rule 1.100(b) because the motion did not contain adequate information but “merely referenced the final judgment.” Id. at 816.
Parrot Cove is distinguishable because it turned on the movant’s failure to file a motion for attorney’s fees as required by rule 1.525. While this court addressed the facial sufficiency of the notice of hearing, it declined to treat the notice of hearing as a motion for attorney’s fees based on its finding that the notice did not meet the dictates of rule 1.100(b). As was stated above, the motion in this case did meet those dictates.
Alternatively, Edmonds asserts a “tipsy coachman” [1] basis for affirming the denial of the McDaniels’ motion for attorney’s fees. Edmonds asserts that the denial should be upheld because the McDaniels’ motion failed to request a particular amount of fees or costs or identify the specific costs sought or legal services performed. Edmonds relies on the language in Gulf Landings declining to treat the notice of hearing as a motion for attorney’s fees because the notice “contains no reference to the grounds upon which fees were sought or the amount requested.” 845 So.2d at 346.
Rule 1.100(b) does not impose a requirement that motions for attorney’s fees and costs be accompanied by affidavits setting forth the amount of fees and costs claimed. Silver Springs Props., L.L.C. v. ERA Murray Realties, Inc., 874 So.2d 712, 714 (Fla. 4th DCA 2004); P & R Smith Corp. v. Goyarrola, 864 So.2d 584, 584 (Fla. 3d DCA 2004). In the absence of such a requirement, there is no basis to deny a motion for attorney’s fees for failing to request a particular amount of fees or costs or identify the specific costs sought or legal services performed. We decline to read the language in Gulf Landings referring to the movant’s failure to specify the amount requested or mention costs in a notice of hearing as a requirement that a motion for attorney’s fees and costs contain this information in order to be facially sufficient.
Accordingly, the trial court erred in denying the McDaniels’ request for attorney’s fees on the basis that their motion was facially insufficient. We therefore reverse and remand with directions for the court to consider the motion on the merits.
Reversed and remanded.
FULMER, J., and BEACH, ROBERT E., Associate Senior Judge, concur.

. See Robertson v. State, 829 So.2d 901, 906 (Fla.2002).