KETHLEDGE, Circuit Judge.
This is a commercial landlord-tenant case that comes to us for a second time. In the first appeal we affirmed the district court’s judgment in favor of the landlord defendants against their tenant Beeper Vibes. See Beeper Vibes, Inc. v. Simon Prop. Grp., Inc., 600 Fed.Appx. 314, 321 (6th Cir. 2014). This appeal concerns the court’s award of attorney’s fees and costs. Again we affirm the district court’s judgment.
Beeper Vibes is an Ohio-based company that sells cellphones from kiosks in malls throughout the Midwest. In 2010, the company decided to expand into Florida. To that end, Beeper’s vice president met with representatives from Simon Property Group — the authorized agent for five Florida landlords of mall space — and executed leases for kiosks in the Boynton Beach, Coral Square, Galleria Fort Lauderdale, Sawgrass Mills, and Dadeland malls.
The kiosks performed poorly and Beeper eventually pulled its merchandise from them. Beeper then sued Simon and the landlords for conversion and fraud in the inducement, seeking compensatory damages from the defendants, jointly and severally, and punitive damages from both Simon and Boynton Beach. R. 1, PagelD 12. The landlords counterclaimed for breach of contract. The defendants thereafter jointly moved for summary judgment, which — on April 2, 2013 — the district court granted as to all of Beeper’s claims. The district court then conducted a bench trial on the defendants’ counterclaims, after which the court awarded damages under the leases for Coral Square; Galleria, and Sawgrass Mills, but not under the leases for Boynton Beach and Dadeland. Both sides appealed and we affirmed. See Beeper Vibes, 600 Fed.Appx. at 321.
Thereafter, back in the district court, the defendants sought an award of fees and costs pursuant to certain provisions in their lease agreements. The district court awarded the defendants all of their fees and costs for work performed before April 2, 2013 — the date on which the court had granted summary judgment to the defendants as to Beeper’s claims. The district court awarded the defendants 26% of their fees and costs for work performed after that date, reasoning that the defendants had recovered only 26% of the amount sought in their counterclaims.
We review the court’s award of fees and costs for an abuse of discretion. See Hometown Folks, LLC v. S & B Wilson, Inc., 643 F.3d 520, 533 (6th Cir. 2011). Under Florida law, attorney’s fees generally are not recoverable “in the absence of a statute or contractual agreement authorizing their recovery.” Price v. Tyler, 890 So.2d 246, 251 (Fla. 2004). And any fee award must be reasonable. First Baptist Church of Cape Coral, Florida, Inc. v. Compass Const., Inc., 115 So.3d 978, 982 (Fla. 2013).
Here, the district court awarded fees on the basis of a contractual obligation. As Beeper points out, only three of *256 the defendants — the landlords for the Coral Square, Galleria, and Sawgrass Mills malls — recovered damages under their leases. Two of those landlords — Galleria and Sawgrass Mills — undisputedly had fee-recovery provisions in their lease agreements, but Beeper argues that Coral Square did not. Thus, Beeper argues, the fee award should be reduced to some extent.
Beeper is probably right about its reading of Coral Square’s lease — it provides for an award of “damages” and “costs” but not “fees” — but the point makes no difference to the outcome here. Under Florida law, when claims share a “common core” of facts and “related legal theories,” a party entitled to fees for work on one claim is entitled to its fees for work on all the claims. Chodorow v. Moore, 947 So.2d 577, 579 (Fla. Dist. Ct. App. 2007). Beeper sued the defendants jointly and severally for fraud and then asserted fraud as a defense to the defendants’ counterclaims. Meanwhile, the defendants themselves jointly litigated all of the issues in the case. Suffice it to say that we think the district court was right to treat as intertwined not only Beepers’ claims against the various defendants, but also the various defendants’ counterclaims against Beeper. Work done for any of these defendants, therefore, was work done for all of them. The Galleria and Sawgrass Mills leases, standing alone, thus support the full amount of the district court’s fee award.
Beeper next argues that the defendants should not recover any fees because only Simon was billed for them and Simon was not even a party to any .of the lease agreements. (Simon was instead an agent for the landlords.) That one party paid fees on behalf of several parties, however, does not limit the parties to whom the court may award fees under Florida law. See Hart v. City of Groveland, 919 So.2d 665, 667-68 (Fla. Dist. Ct. App. 2006).
Finally, Beeper argues that the defendants recovered only 22% of the amount they sought on their counterclaims, not 26%, and that the fee award should be reduced accordingly. We disagree: the district court calculated its percentage based on the amount the defendants sought after trial rather than the amount they claimed earlier in the case. The court was within its discretion to do so.
The district court did not abuse its discretion in any respect. The court’s judgment is affirmed.