DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSHUA CAMPOS,** an Individual, and **INSTA INSURE, LLC,** a Florida
Limited Liability Company,
Appellants,

v.

**ARANA AUTO INSURANCE & MULTISERVICES AGENCY CORP.,** a
Florida for profit Corporation,
Appellee.

No. 4D19-1419

[April 15, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 50-2015-CA-
009523-XXXX-MB.

Orrin R. Beilly of the Law Office of Orrin R. Beilly, LLC, Palm Beach
Gardens, for appellants.

No brief filed on behalf of appellee.

PER CURIAM.

The trial court denied a motion to tax costs based on a lack of
verification. Because there is no requirement that a motion to tax costs
be verified or accompanied by affidavit, we reverse and remand for further
proceedings.

After a bench trial, the trial court entered a final judgment in favor of
the appellants, the defendants below. The appellants filed a motion to tax
costs, wherein the type of costs sought to be reimbursed was categorized
and amounts provided. The order denying the motion provided that
counsel failed to appear and that the motion was insufficient due to a lack
of verification. The appellants then filed a verified motion for rehearing,
wherein they explained the extenuating circumstances surrounding
counsel's absence and pointed out that counsel was prepared to offer
evidence in support of the motion. The following exhibits were attached to
the motion for rehearing: invoices for court reporting services, including
the production of transcripts; a mediation conference report and

photocopies of a check or checks made out to the mediator; and an invoice for an expert's services.

The trial court's order setting a hearing on the motion for rehearing provides that "the attorneys/parties must submit to the Court . . . 1. copies of all relevant pleadings; 2. a copy of any memorandum of law . . . ; 3. copies of all case law authority."

After the hearing was held, the trial court denied the motion for rehearing, reasoning that the parties failed to submit "*all* relevant pleadings prior to the hearing" and that the appellants' counsel "never verified the costs in the [original motion to tax costs], which was the original basis of the Court's denial." The court further reasoned that "[w]hen seeking to tax costs, the movant must file the appropriate motion, attaching a verified statement setting forth the items claimed to be taxable."

Section 57.041(1), Florida Statutes (2018), provides in pertinent part that "[t]he party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment[.]" The claim for costs does not need to be asserted in the pleadings. *See First Protective Ins. Co. v. Featherston*, 978 So. 2d 881, 883 (Fla. 2d DCA 2008).

Florida Rule of Civil Procedure 1.525 provides in pertinent part that "[a]ny party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than 30 days after filing of the judgment[.]" Florida Rule of Civil Procedure 1.100(b) provides that motions "must be made in writing unless made during a hearing or trial, must state with particularity the grounds for it, and must set forth the relief or order sought." This court has held that these rules do not require a supporting affidavit. *See Silver Springs Props., L.L.C. v. ERA Murray Realties, Inc.*, 874 So. 2d 712, 714 (Fla. 4th DCA 2004). Other courts have agreed. *See McDaniel v. Edmonds*, 990 So. 2d 9, 12 (Fla. 2d DCA 2008) ("Rule 1.100(b) does not impose a requirement that motions for attorney's fees and costs be accompanied by affidavits setting forth the amount of fees and costs claimed."); *Seminole Cty. v. Koziara*, 881 So. 2d 83, 84 n.2 (Fla. 5th DCA 2004) ("[N]othing in section 57.041, Florida Statutes or Florida Rule of Civil Procedure 1.525 requires supporting affidavits. If (as there almost never is) there is a genuine dispute over an identified item of taxable costs, the court should conduct a hearing to resolve the dispute." (citation omitted)).

Based on the foregoing, we find that the trial court erred in denying the motion based on a lack of verification and on counsel's failure to submit "*all* relevant pleadings." We reverse and remand for further proceedings.

*Reversed.*

LEVINE, C.J., CIKLIN and GERBER, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**