# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-1525
LT Case No. 2016-CA-050562

_____

BABCOCK NEW HAVEN, LLC,

    Appellant,

    v.

VAHEED TEIMOURI and
TEIMOURI & ASSOCIATES, INC.,

    Appellees.

_____

On Appeal from the Circuit Court for Brevard County.
Curt Jacobus, Judge.

Adam M. Bird, of WhiteBird, PLLC, Melbourne, for Appellant.

David G. Larkin and Jesse L. Kabaservice, of Fallace & Larkin, L.C., Melbourne, for Appellees.

May 3, 2024

LAMBERT, J.

Babcock New Haven, LLC ("Babcock"), appeals the final order involuntarily dismissing its action against Appellees, Vaheed Teimouri and Teimouri & Associates, Inc. ("Teimouri"). The trial court dismissed the action because Babcock failed to obtain successor counsel to represent it within the time period in which it

was ordered to do so. For the following reasons, we conclude that Babcock's due process rights were violated and, therefore, reverse.

Babcock is a developer of commercial property. It hired Teimouri to provide engineering services on a project Babcock was developing in Brevard County. For reasons that are immaterial to our resolution of this appeal, Babcock filed suit against Teimouri asserting causes of action in negligence, fraudulent concealment, and violation of Florida's Deceptive and Unfair Trade Practices Act.

After just under three years of litigation, the case was set for jury trial on the court's September 9, 2019 docket. On August 13, 2019, Babcock's counsel filed a motion to withdraw, which was granted by the court following a hearing by order rendered on August 28, 2019. In its order, the court continued the case from its September 9 docket and further provided that Babcock had thirty days from the date of the order to obtain successor counsel.[1] The order contained no express language placing Babcock on notice that its failure to obtain successor counsel within the designated time could result in dismissal of the action.

Babcock did not have a successor counsel of record within thirty days of this order. On October 2, 2019, which was thirty-five days after the order was rendered, Teimouri moved for involuntary dismissal for Babcock's failure to be represented by counsel. The certificate of service on the motion showed that it was sent by U.S. mail that day to Babcock.

The following morning, October 3, 2019, without a hearing and before Babcock had any realistic opportunity to receive and review the motion, the trial court entered the subject final order granting Teimouri's motion and dismissing the entire action. Four

---

[1] *See generally Parrot Cove Marina, LLC v. Duncan Seawall Dock & Boatlift, Inc.*, 978 So. 2d 811, 813 (Fla. 2d DCA 2008) ("[A] corporation must be represented by an attorney to defend or prosecute a lawsuit." (citing *Nicholson Supply Co. v. First Fed. Sav. & Loan Ass'n of Hardee Cnty.*, 184 So. 2d 438, 440–42 (Fla. 2d DCA 1966))).

days later, on October 7, 2019, an attorney filed an appearance as counsel of record for Babcock and shortly thereafter moved for rehearing, arguing that Babcock had not been provided with notice and an opportunity to be heard before the trial court entered the subject dismissal order. The court denied the motion, and this appeal timely ensued.

Babcock's primary argument here for reversal is that the trial court's entry of the dismissal order under the chronology just described violated its right to due process, which we review de novo. *See Dobson v. U.S. Bank Nat'l Ass'n*, 217 So. 3d 1173, 1174 (Fla. 5th DCA 2017) ("Whether a trial court has violated a party's due process rights is subject to de novo review." (citing *VMD Fin. Servs., Inc. v. CB Loan Purchase Assocs.*, 68 So. 3d 997, 999 (Fla. 4th DCA 2011))).

We agree with Babcock. Due process "requires both reasonable notice and a meaningful opportunity to be heard." *Spencer v. Kelner*, 357 So. 3d 166, 168 (Fla. 4th DCA 2023) (quoting *Yue Yan v. Byers*, 88 So. 3d 392, 394 (Fla. 4th DCA 2012)). "[A] court's failure to provide 'notice of its intent to dismiss or allow for an opportunity to be heard prior to dismissal' violates the plaintiff's due process rights." *Crescenzo v. Marshall*, 199 So. 3d 353, 355–56 (Fla. 2d DCA 2016) (quoting *Fed. Nat'l Mortg. Ass'n v. Sanchez*, 187 So. 3d 341, 342 (Fla. 4th DCA 2016)).

As previously indicated, the trial court's order allowing Babcock's prior counsel to withdraw did not place Babcock on notice that its action could be dismissed if it failed to timely obtain successor counsel. Babcock also had no reasonable notice or meaningful opportunity to be heard in response to Teimouri's motion as the motion was not noticed for hearing and, in fact, the dismissal order was entered approximately twenty-five hours after Teimouri filed the motion.

Accordingly, the final order of dismissal is reversed; and this matter is remanded for further proceedings.

REVERSED and REMANDED for further proceedings.

EISNAUGLE and HARRIS, JJ., concur.

3

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____