BOOTH, Judge.
This cause is before the Court on appeal from the Circuit Court, Escambia County, seeking review of a final judgment of dissolution of marriage which awarded the husband custody of two minor children, gave the husband possession of the marital home and title to the contents excepting the bedroom set of the wife, and awarded the wife three years rehabilitative alimony in the amount of $350 per month.
Appellant raises three main points on this appeal, but our disposition of the first point makes it unnecessary to rule on the other two. The record shows that Mrs. Baugh was not represented by counsel at the final hearing on September 7, 1977, that she was of doubtful competency and that the testimony indicated a need for psychiatric care.
Prior to the final hearing the court granted Mrs. Baugh’s counsel’s motion to withdraw. At the time of the hearing Mrs. Baugh stated to the court she was under the impression the court would appoint her a lawyer. The court correctly stated it had no authority to do so but indicated it was inclined to grant a continuance to allow her to obtain counsel, as follows:
“THE COURT: The thing that’s disturbing to me is, I don’t think that you are qualified to represent yourself.
MRS. BAUGH: Oh, I don’t either. I’m not a lawyer. No, I’m certainly not, in a matter like this.
THE COURT: There is no provision in the statutes for me to appoint you one in a civil case.
MRS. BAUGH: Oh, you can’t—
THE COURT: I cannot do that. And I do feel and I know Mr. Levin well enough to know that he would never under any circumstances want to take advantage of your lack of knowledge of the law. Now, if you were a lawyer, that’s another thing. He’ll out lawyer you if he can, but you’re not an attorney.

*734 THE COURT: Do you Believe that you could get somebody, not necessarily Mr. Kirtz, to represent you?
MRS. BAUGH: Yes. But you know you do have to have a legal fee to obtain one.
THE COURT: Well, there are some attorneys who do this. Mr. Levin, I hate — I don’t want to postpone this thing, but. I wouldn’t — I’ll tell you this now, Mrs. Baugh. The Court has a responsibility to you and it has a responsibility to your husband. And, since Mr. Levin is an officer of this Court, this Court has a responsibility to Mr. Levin if he, in doing his duty for his client is able, because of his experience and your lack of experience, to place you in an untenable position, you could be unhappy and go and say, ‘Mr. Levin took advantage of me.’
MRS. BAUGH: I wouldn’t say that.
THE COURT: I know, but the thing about it, it could hurt Mr. Levin’s reputation if we proceeded in such a matter, and I would think you could get somebody.”
At that point the husband’s attorney objected to any delay in view of the presence of the children in the home at the time Mrs. Baugh was there and the husband was away at work. Discussion of the matter continued and the court stated:
“THE COURT: Well, now, here’s my situation. The Court feels a strong urgency as to the children. The Court feels a strong responsibility towards you in not proceeding without an attorney. However, according to Mr. Kirtz’s motion, [to withdraw as counsel] you never replied to his letters and you wouldn’t tell him anything and he had to withdraw.

THE COURT: If I give you a short extension of time, will you get a lawyer?
MRS. BAUGH: Yes, I will.
THE COURT: But, now, what I am going to do and I’m going to have the court reporter in here and I’m going to bring your two daughters in and I’m going to talk to them and I may make a temporary order placing them—

THE COURT: . . . And I may enter an emergency order today, Mr. Levin, as far as the children, if that’s appropriate. Let me get Joanne in here and I’m going to get [sic] a time so when you go to see whoever the lawyer is now, you’ll know.”
The court then suggested the wife seek a lawyer in the building across the street and stated:
“THE COURT: I could take you 3:00 o’clock Friday. That would give the other lawyer two days. I don’t think the issues are that—
MR. LEVIN: Let me ask if you’d do this, if you will call the children in here and question them and then give her the opportunity after that, without prejudice to her rights, to get her a lawyer and to come back in then . . . ”
Despite the foregoing, the court proceeded with the hearing and the children were questioned outside the presence of the parents by the court and the husband’s attorney concerning Mrs. Baugh’s conduct. The court questioned the teenage daughters as follows:
“THE COURT: You know, considering the fact that she keeps herself in her room and won’t talk to anybody, have you all wondered whether or not she needs psychiatric care?
SUSAN BAUGH: Oh, I think she does.
BONNIE BAUGH: So do I.”
Under the circumstances, the trial court had authority to enter such temporary or emergency orders as were necessary for the immediate protection of the children. The court should not, however, have proceeded with the final hearing and entered final judgment thereon in view of the court’s obvious concern about Mrs. Baugh’s inability to represent herself. Although she made no formal motion for continuance, the record shows Mrs. Baugh repeatedly expressed a need for an attorney. The court, and opposing counsel, initially at least, indicated that she would be afforded time to obtain counsel and that only a temporary order would result from the hearing held without *735 her being represented. The error here was compounded by the husband’s attorney being allowed to question the children without Mrs. Baugh, or anyone representing her, being present.
Accordingly, the final judgment is VACATED and the cause is REMANDED for further proceedings consistent herewith, with directions that the court enter such temporary orders as are required by the circumstances relative to the care and custody of the minor children of the parties and, if appropriate under the evidence, an interim award of attorney fees.
BOYER, Acting C. J., concurs.
MILLS, J., dissents.