POLEN, J.
Appellant, Yue Yan, timely appeals the final judgment of the trial court entered in favor of the appellee, Barbara Byers. We agree with Yan that the trial court abused its discretion in denying her motion for new trial because she was not provided reasonable notice of the jury trial.
Yan filed a statement of claim against Byers in small claims court, alleging that Byers tortiously interfered with a business relationship between Yan and a tenant. Byers responded by moving to dismiss the complaint and counterclaiming against Yan for libel per se. The small claims court dismissed Yan’s statement of claim with leave to amend only through a licensed Florida attorney within twenty days, and transferred Byers’s counterclaim to circuit court. Thereafter, Yan hired an attorney, who filed an amended complaint against Byers for tortious interference and slander and filed an answer and affirmative defenses to Byers’s counterclaim.
On October 27, 2009, Yan’s attorney moved to withdraw, and on October 30, 2009, Byers’s attorney served a notice for jury trial on Yan’s attorney. On November 19, 2009, Yan filed a request that all court documents in the case be sent to her at an updated address. On November 23, 2009, the trial court entered a pretrial order setting the cause for a jury trial. The pretrial order shows that it was sent to “all parties”; however, it does not specifically show whether it was sent to Yan or her attorney, or if to Yan, at what address. On January 6 and 29, 2010, Byers served her witness and exhibit lists; the certificate of service shows that the lists were sent to Yan’s attorney and Yan, but the certificate shows that it was sent to Yan at her old address rather than the address requested by Yan in her November 19 filing. On February 4, 2010, the trial court granted Yan’s attorney’s motion to withdraw by written order; the order also states that all pleadings and notices shall be sent to Yan at her updated address.
On Friday April 9, 2010, Byers’s attorney’s office called Yan and informed her that the trial was to begin on the following Monday, April 12, 2010. According to Yan, at this point, she had not received the pre-trial order, and this was her first notice of the trial. On April 12, 2010, Yan appeared in court, pro se, without any witnesses. Byers, with counsel, had about five witnesses. In court, Byers’s attorney hand-delivered Byers’s unilateral pre-trial statement to Yan. Before the trial, the trial court denied Yan’s motion for a continuance. After the jury trial, the trial court granted Byers’s motion for directed verdict as to Yan’s tortious interference claim. The jury returned a verdict for Byers on her libel claim, awarding her $5,000 in damages and $10,000 in punitive damages. The trial court denied Yan’s motion for new trial, directed verdict, relief from judgment, and remittitur. Yan retained *394 new counsel, who filed Yan’s motion for rehearing. The trial court denied the motion, and this appeal timely followed.
“Procedural due process requires both reasonable notice and a meaningful opportunity to be heard.” N.C. v. Anderson, 882 So.2d 990, 993 (Fla.2004) (citing Dep’t of Law Enforcement v. Real Prop., 588 So.2d 957, 960 (Fla.1991)).
The notice must be “reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.”
882 So.2d at 993 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)) (emphasis added).
Here, the trial court’s pretrial order shows that it was sent to “all parties”; however, it does not show if it was sent to Yan, her attorney, or both. Yan alleged that she never received a copy of the pretrial order from her attorney, who was in the process of withdrawing. Moreover, on January 6 and 29, 2010, after Yan’s November 19 filing requesting that all court filings be sent to her at an updated address, Byers served her witness and exhibit lists to Yan’s attorney and Yan; however, the certificate of service shows that it was sent to Yan at her old address. On February 4, 2010, the trial court ordered that all pleadings and notices be sent to Yan at her updated address. However, Byers’s attorney never sent the unilateral pretrial statement to Yan, even though Byers’s attorney knew Yan was no longer represented by counsel and knew Yan’s current address. The only time Byers’s attorney attempted to correspond with Yan was on the Friday before the Monday on which the trial was to begin.[1]
We find that the record reflects that Yan was not provided with sufficient notice of the jury trial.[2] Therefore, we do not address the other issues raised by Yan and reverse the trial court’s denial of Yan’s motion for new trial and remand for a new trial on all issues.

Reversed and Remanded

HAZOURI and LEVINE, JJ„ concur.

. In the unilateral statement, Byers states that ''[a] joint statement was not possible, in that [Yan] and her attorney had some controversy and he withdrew and was never replaced.” However, Byers’s attorney did not assert that he attempted to draft a joint statement with Yan, or attempt to contact her in any way at any time.

. We find that Byers’s reliance on Baugh v. Baugh, 365 So.2d 733 (Fla. 1st DCA 1978), is misplaced. In Baugh (a divorce case), the First District found that on August 9 the husband’s attorney mailed the wife a copy of his notice setting the case for final hearing on September 7. Baugh, 365 So.2d at 736. Thus, in Baugh, and unlike the facts here, there was no dispute as to if and when the wife received notice of the final hearing.