DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES PETER COOKSEY,**
Appellant,

v.

**TOWN OF OCEAN RIDGE,**
Appellee.

No. 4D2024-2428

[December 17, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Judge; L.T. Case No. 50-2023-CA-012066-XXXX-MB.

Jennifer S. Carroll of the Law Offices of Jennifer S. Carroll, P.A., Jupiter, for appellant.

James R. Jimenez and Lyman H. Reynolds, Jr., of Roberts, Reynolds, Bedard & Tuzzio, PLLC, West Palm Beach, for appellee.

FORST, J.

Appellant James Cooksey appeals the trial court's order dismissing his second amended complaint with prejudice. Cooksey argues the court should have denied the dismissal motion or at least permitted him to amend his complaint to state his claim more artfully. For the reasons set forth below, we agree and reverse.

**Background**

"When confronted with a motion to dismiss, the court must take the allegations of the complaint as true and decide only questions of law." *Elmore v. Fla. Power & Light Co.*, 760 So. 2d 968, 971 (Fla. 4th DCA 2000). Accordingly, we recount the facts as alleged in Cooksey's complaint.

Cooksey owns a property in the Town of Ocean Ridge (Appellee, "the Town"). In August 2022, a Town official cited Cooksey's property for a violation of local ordinance Section 67-174: Maintenance and Appearance Standards ("Section 67"). A hearing was set for October 4. After

communicating with the official, Cooksey had the lawn and vegetation trimmed. The official told Cooksey he was satisfied and would cancel the October 4 hearing.

Without Cooksey's knowledge, the hearing was not canceled but instead reset for November 1, 2022. Cooksey did not receive the October 4 order resetting the hearing and was never informed of the new hearing date. On November 1, an order was issued finding a violation, assessing fines of $150 per day, and imposing a lien on the property. However, Cooksey never received that order, either.

In June 2023, Cooksey learned about the November 2022 order and the lien for the first time through a computer search of his property. He filed the operative second amended complaint in January 2024, seeking a declaratory judgment that his "rights under the Fourteenth Amendment to the Constitution and the laws of the United States, as well as his rights under Article 1, Sections 2 and 9, of the Florida Constitution, are violated by Town's enforcement" of Section 67. Cooksey's complaint further stated that "Cooksey was unaware of [the November 2022] hearing and unaware that [the Town] still deemed the property in violation of the code," that Cooksey "never received a copy of the [November 2022] Order," and requests a declaration that Section 67 "is unconstitutional as applied to Cooksey because it violates Cooksey's rights under the Due Process Clause of the Fourteenth Amendment" and "that any and all sanctions[,] fines, and liens by Town against Cooksey pursuant to Code Section 67-174 are null and void." The main thrust of Cooksey's complaint was that Section 67 was unconstitutionally vague both facially and as applied to him.

The Town moved to dismiss the complaint for failure to state a claim. Cooksey did not file a written response. At the hearing on the dismissal motion, the Town argued that Cooksey could not challenge the November 2022 order because he had failed to file a timely direct appeal of that order. The trial court interjected:

> Let me stop you right there. Having reviewed the motion, I can tell you I'm inclined to grant the motion to dismiss on, you know, as far as the facial challenge. As far as the as-applied, [counsel for Town], if he's asserting lack of notice, don't I need an evidentiary hearing on that?

The Town's counsel replied that an evidentiary hearing was unnecessary because Cooksey's complaint did not allege a procedural due process claim. Cooksey responded he had stated in his complaint that he had not received notice of the November 2022 hearing or order. The trial

court orally granted the Town's dismissal motion with prejudice:

> It's a short complaint; I looked it over. I think that [the Town] is right, the relief that's sought and what was pled in the complaint is—just from looking at it. All right. Counsel, dismiss with prejudice. I think it goes without—please send me an order.

The trial court followed up with a written order dismissing Cooksey's complaint with prejudice "for the reasons stated on the record." Cooksey filed a motion for rehearing that more directly asserted his argument that the Town's fines *without adequate notice* violated his procedural due process rights. The motion for rehearing further argued that the trial court should have permitted Cooksey to amend his complaint to express his procedural due process claim more clearly instead of dismissing with prejudice. Three months later, the trial court entered an order denying Cooksey's motion for rehearing without explanation. This appeal follows.

## Analysis

The standard of review of an order granting a motion to dismiss is de novo. *Kidwell Grp., LLC v. SafePoint Ins. Co.*, 376 So. 3d 48, 50 (Fla. 4th DCA 2023). "Procedural due process requires both reasonable notice and a meaningful opportunity to be heard." *Spencer v. Kelner*, 357 So. 3d 166, 168 (Fla. 4th DCA 2023) (quoting *Yue Yan v. Byers*, 88 So. 3d 392, 394 (Fla. 4th DCA 2012)).

While Cooksey's complaint did not raise his lack-of-notice procedural due process claim in the most articulate manner, his multiple references to procedural due process and his purported nonreceipt of adequate notice were nonetheless sufficient to alert the trial court to that argument. Cooksey raised the lack-of-notice issue again at the dismissal hearing and then most directly and forcefully in his motion for rehearing, which the trial court should have granted.

Dismissing Cooksey's complaint *with prejudice* was clear error. "It is well settled that a dismissal with prejudice for failure to state a cause of action should not be ordered without giving the party offering the defective pleading an opportunity to amend, unless it is apparent that the pleading cannot be amended so as to state a cause of action." *Nev. Interstate Props. Corp. v. City of W. Palm Beach*, 747 So. 2d 447, 448 (Fla. 4th DCA 1999). We have further held that dismissal with prejudice is inappropriate when a court is "unable to determine with certainty that [the plaintiff] cannot amend his initial complaint to state a cause of action." *Balcar v. Ramos*,

595 So. 2d 308, 308 (Fla. 4th DCA 1992). Here, at the very least, we cannot say with certainty that Cooksey's complaint could not be amended to state a cause of action.

## Conclusion

The trial court erred in dismissing Cooksey's complaint with prejudice. On remand, the trial court shall permit him to amend his complaint to state his claim more artfully. *See Enstrom v. Dixon*, 354 So. 2d 1251, 1251 (Fla. 4th DCA 1978) ("Although the amended complaint could have been more artfully drafted, we agree that Plaintiff should have been allowed another opportunity to amend so as to attempt to state a cause of action.").

*Reversed and remanded with instructions.*

GROSS and SHEPHERD, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***