661 So.2d 374 (1995)
Kenneth KOEHLER, Appellant,
v.
Ian ROBERTS, individually and Sunprime Computing, Ltd., Appellees.
No. 94-03321.
District Court of Appeal of Florida, Second District.
October 11, 1995.
Robert C. Hill, Jr., Fort Myers, for Appellant.
Carl H. Winslow, Jr., of Carl H. Winslow, Jr., P.A., Fort Myers, for Appellees.
QUINCE, Judge.
Kenneth Koehler appeals a final judgment entered against him in a proceeding on a creditor's bill in which the trial court held him personally liable for sums due the appellees. Because this relief was not requested by the appellees in their pleading, we reverse.
The appellees, Ian Roberts and SunPrime Computing, Ltd., filed a breach of contract action against World Wide Systems People, Ltd., Inc. (World Wide). Koehler, as president of World Wide, filed an answer to the complaint. Thereafter, appellees filed a motion for summary judgment, which was granted by the trial court. In the final summary judgment order the court entered judgment against World Wide and in favor of the appellees in the principal sum of $24,086.50. A copy of the judgment was sent to Koehler as registered agent for World Wide.
Six months later appellees filed a "motion to show cause and for prosecution of creditors bills" alleging, inter alia, that Kenneth Koehler, as registered agent for World Wide, failed to bring to his deposition the company's financial documents. Although the pleading also alleged World Wide was a shell corporation formed on behalf of Kenneth Koehler, individually, and a similarly named Cayman corporation, the relief sought was either to require Koehler to produce the financial records of the company or to show cause why they should not be produced. The trial judge, however, issued the order to show cause to Kenneth Koehler, individually. Koehler was to show cause why he should not be held liable for the debt of World Wide. Koehler filed a "motion to quash order to show cause and to dismiss motion for creditors bill" alleging defects in the motion for creditor's bill, including appellees' failure to request judgment against Koehler, individually. This appeal timely followed the final judgment holding Koehler individually liable for the debt of World Wide.
Appellant argues and we agree that the trial court erred by entering a personal judgment against appellant when no such relief was requested by the appellees. The courts of this state have consistently held that a trial court does not have the authority to decree relief that has neither been requested by way of pleading nor tried by consent. Miceli v. Gilmac Developers, Inc., 467 So.2d 404 (Fla. 2d DCA 1985); Pond v. McKnight, 339 So.2d 1149 (Fla. 2d DCA 1976); Freeman v. Freeman, 447 So.2d 963 (Fla. 1st DCA 1984); Kornbluh v. Lowenberg, 401 So.2d 880 (Fla. 3d DCA 1981). Appellees' request for an order to show cause simply asked that appellant be required to produce certain documents and records or that appellant be required to show cause why the documents *375 and records should not be produced. The appellees never asked the trial court to hold appellant personally liable on the debt. Indeed, the appellees' pleading continually referred to appellant as the registered agent of World Wide, the judgment debtor. Additionally, the motion to dismiss filed by appellant makes it clear this was not a matter being tried by consent.
Since appellees did not request the relief decreed by the court, we reverse the final judgment finding appellant personally liable for the debt of World Wide. Because of our ruling on this issue, we need not address the other issues raised by the appellant but note that any future proceeding on a creditor's bill should comply with the requirements of section 68.05, Florida Statutes (1991).
CAMPBELL, A.C.J., and LAZZARA, J., concur.