779 So.2d 518 (2000)
Grace A. CONIDARIS and Robert Conidaris, d/b/a Lani Kai Island Resort, Appellants,
v.
CRESSWOOD SERVICES, INC., Appellee.
No. 2D99-5000.
District Court of Appeal of Florida, Second District.
December 8, 2000.
Robert R. Hagaman of Robert R. Hagaman & Associates, Naples, for Appellants.
Richard A. Feldman, West Palm Beach, for Appellee.
DAVIS, Judge.
Grace and Robert Conidaris challenge the final judgment of the trial court ordering them to pay $12,256.33 to Cresswood Consolidated Services, Inc. The Conidarises argue that because the trial court found Cresswood breached the parties' contract, Cresswood should not be entitled to a judgment in equity. They further maintain that the trial court erred by ordering them to pay Cresswood $4,256 for unpaid invoices. We reverse on the first issue, but affirm on the second.
This dispute arose when the Conidarises, owners of the Lani Kai Resort Hotel, contracted with Cresswood to act as their agent in purchasing furnishings for the hotel. The Conidarises were attempting to acquire franchise status as a Quality Inn Suites from Choice Hotels International. The contract between Cresswood and the Conidarises required that all furnishings supplied by Cresswood comply with Choice's franchisee specifications.
Although Choice's specifications did not allow vinyl furniture, the Conidarises and their representatives made oral statements to Cresswood that they wanted to purchase furniture that would match the hotel's *519 existing pink vinyl furniture. Cresswood submitted to Choice a color sample board that included a sample of the pink vinyl. After receiving no response regarding the furniture, Cresswood supplied the Conidarises with the pink vinyl furniture they requested.
Upon inspection by Choice, the franchisor informed the Conidarises that the vinyl furniture was not in compliance with franchisee specifications. However, Choice agreed that they could use the furniture and replace it in five years or as needed, whichever came first. Although they were in possession of the furniture and were using a portion of it in their hotel, the Conidarises refused to pay Cresswood for the vinyl furniture and refused to pay various invoices for other items supplied by Cresswood.
Cresswood sought payment for the furniture and the other items by filing suit against the Conidarises for open account, goods sold, and account stated. The Conidarises, in turn, raised the legal affirmative defenses of breach of contract and negligence, and brought a counterclaim based on the same theories. Cresswood did not include any claim for equitable relief nor did the Conidarises raise any equitable defense. The matter proceeded to a non-jury trial. The trial court did not make any written findings of fact, nor did it specifically rule on Cresswood's three claims or on Conidarises counter-claim. Instead, the trial judge verbally found that Cresswood had breached the contract by delivering furniture that did not meet contractual specifications. It appears from the record that the trial judge, by this finding, ruled in favor of the Conidarises on Cresswood's complaint by finding the affirmative defense of breach of contract to be valid. However, the court then entered a judgment requiring the Conidarises to pay Cresswood $8,000 for the furniture, "to do equity."
A trial court may not decree relief that has neither been requested by way of pleading nor tried by consent. See Koehler v. Roberts, 661 So.2d 374, 374 (Fla. 2d DCA 1995); Miceli v. Gilmac Developers, Inc., 467 So.2d 404, 406 (Fla. 2d DCA 1985). Although the trial court's ruling here may be supported by an equitable argument, neither party sought an equitable remedy, nor does the record show that an equitable claim was tried by the consent of the parties. Furthermore, there is no evidence of record to support the $8,000 award. Therefore, we reverse the trial court's final judgment as to the $8,000 payment required by the equitable ruling and remand to the trial court for a determination of the claims presented by the parties based on the evidence before the trial court.
The trial court also ordered the Conidarises to pay Cresswood $4,256 for unpaid invoices on other goods that the Conidarises had received. The Conidarises introduced evidence of a $4,000 payment to Cresswood, but Cresswood presented testimony that the payment was applied to an unpaid invoice due for draperies that Cresswood had supplied to the Conidarises. The Conidarises maintain that Cresswood is not entitled to apply the payment to the drapery invoice because Cresswood never raised the issue of the draperies in its pleadings. This argument is without merit.
Cresswood had not sought payment for the draperies in its pleadings because it had already applied the Conidarises' $4,000 payment to that invoice and considered that invoice as paid in full. Cresswood was not required to raise in its pleadings an invoice for which it did not seek payment.
Accordingly, we affirm the trial court's finding regarding the unpaid invoices, reverse the trial court's judgment regarding the furniture, and remand for further proceedings.
CAMPBELL, A.C.J., and CASANUEVA, J., Concur