CASANUEVA, Judge.
In this appeal from an adverse final judgment following a nonjury trial, defendant Lodge Construction, Inc. contends that the trial court erred by permitting evidence of amounts retained under contracts not placed at issue in the pleadings and by using these amounts in computing damages awarded to plaintiff Far East GC Exponent, Inc. We agree and reverse.
In its second amended complaint, Far East sued Lodge Construction in two counts: first, for a breach of a subcontract relating to the construction of an office building for U.S. Sugar Corporation, and, second, for quantum meruit arising from the same construction work. Lodge Construction asserted three affirmative defenses: written release, accord and satisfaction, and waiver or estoppel.
At trial, Far East’s owner testified over objection that Lodge Construction had retained sums due it for two other construction projects. The amounts retained for the two jobs were $10,133 and $14,652, or a total of $24,785. The trial court factored this amount, along with costs of repair and other credits, into its damage award.
A trial court may not decree relief that has been neither pleaded nor tried by consent. Conidaris v. Cresswood Serv., Inc., 779 So.2d 518, 519 (Fla. 2d DCA 2000). Here, the second amended complaint did not pray for an award of these sums nor did Lodge Construction place entitlement to these monies at issue through its affirmative defenses. Similarly, the record contains no request to amend the pleadings to conform to the evidence brought forth at trial. Even had *326 such a motion been made, granting it would have been improper on this record. See Buday v. Ayer, 754 So.2d 771 (Fla. 2d DCA 2000).
Because the final judgment also fails to contain findings of fact on certain disputed amounts, this court is unable to determine the proper amount of damages to be included in the final judgment; therefore, we reverse and remand for further proceedings.
Reversed and remanded.
ALTENBERND, A.C.J., and WHATLEY, J., Concur.