LaROSE, Judge.
Arie Donkersloot, Sr., appeals an amended final judgment that awarded attorney’s fees and costs against him for breach of fiduciary duty. He argues that no motion sought such relief and that the trial court’s equitable award of such relief was error. We agree and reverse that portion of the amended final judgment that assessed attorney’s fees and costs against Mr. Donkersloot.
Underlying this appeal is a Revocable Living Trust Agreement and Family Trust Agreement. Several years of litigation ensued when Johannes Donkersloot sued his father, Mr. Donkersloot, and sister, Angie D. Hall, co-successor-trustees. Ultimately, the trial court ordered certain property returned to the trusts, removed Mr. Donk-ersloot and Ms. Hall as co-successor-trustees, and ordered an accounting. The trial court reserved jurisdiction to determine the assessment of attorney’s fees and costs against Mr. Donkersloot and Ms. Hall. Subsequently, Johannes Donkersloot moved for attorney’s fees and costs against Ms. Hall. See Fla. R. Civ. P. 1.525. He sought neither fees nor costs against his father.
Prior to the motion hearing, counsel for Mr. Donkersloot and Johannes Donker-sloot stipulated that neither Mr. Donker-sloot nor his counsel needed to be present. Mr. Donkersloot’s counsel attended the hearing briefly, alerted the trial court to the stipulation, and, with leave of court, left the hearing. As the hearing progressed, Johannes Donkersloot, in response to trial court questioning, opined that the trial court “in equity” could award fees and costs against Mr. Donkersloot. Several months later, the trial court entered the amended final judgment awarding almost $195,000 in attorney’s fees, costs, and interest against Ms. Hall and Mr. Donker-sloot, jointly and severally. On rehearing, the trial court rejected Mr. Donkersloot’s argument that the fees could not be imposed absent a proper motion. The trial court concluded that the award was warranted against Mr. Donkersloot as part of the “action in equity.”
Once a party pleads entitlement to attorney’s fees, proof of the fees may be presented after final judgment upon motion made within a reasonable time. Stockman v. Downs, 573 So.2d 835, 838 (Fla.1991). However, a trial court may not award relief that has not been requested nor tried by consent. Conidaris v. Cresswood Servs., Inc., 779 So.2d 518, 519 (Fla. 2d DCA 2000) (holding that trial court was without authority to order owners to pay where equitable remedy was neither sought nor tried by consent).
Florida Rule of Civil Procedure 1.525 dictates that a party seeking an award of attorney’s fees or costs must serve a motion requesting them within thirty days after entry of the judgment. Undisputedly, Johannes Donkersloot filed a timely motion. His motion did not seek fees from Mr. Donkersloot, nor was the motion served on him. Equally clear is the fact that, by stipulation, neither Mr. *128 Donkersloot nor his counsel needed to be present at the hearing on attorney’s fees and costs; there was no trial by consent. Nor was the fee award an action that the trial court could make “in equity.” Equity does not breathe into a rule 1.525 motion unrequested relief. See generally Gulf Landings Ass’n, Inc. v. Hershberger, 845 So.2d 344, 346 (Fla. 2d DCA 2003) (holding that rule 1.525 is a bright-line rule and eschewing equitable exceptions). Accordingly, we reverse the award of attorney’s fees and costs as to Mr. Donkersloot.
We find no merit in the arguments advanced on appeal by Ms. Hall or on cross-appeal by Johannes Donkersloot. Therefore, we affirm the trial court’s amended final judgment in all respects, except for the assessment of attorney’s fees and costs against Arie Donkersloot, Sr.
Affirmed in part, reversed in part, and remanded.
WHATLEY and CASANUEVA, JJ., Concur.