NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TROYTS AUTO SERVICE and TROYTS )
BOGAR VALERO, )
                      )
         Appellants, )
                      )
v.                      )       Case No. 2D14-2201
                      )
GENNARE VITELLI, )
                      )
         Appellee. )
_____ )

Opinion filed September 11, 2015.

Appeal from the Circuit Court for
Hillsborough County; William P. Levens,
Judge.

Roland A. Hermida, Tampa, for Appellants.

No appearance for Appellee.

BLACK, Judge.

        Troyts Auto Service and Troyts Bogar Valero challenge the final judgment

of the trial court ordering them to pay conversion damages to Gennare Vitelli. The

appellants argue that the trial court erred in finding liability for conversion because the

matter was not pleaded or tried by consent. We agree and reverse.

        In the complaint, Mr. Vitelli alleged one count of civil theft and two counts

of fraudulent misrepresentation in the inducement.[1]  Following a nonjury trial, the trial court entered a final judgment finding that Mr. Vitelli failed to establish that the appellants committed civil theft or fraudulently induced Mr. Vitelli.[2]  However, the trial court did find the appellants liable for conversion.  This was error.  "A trial court may not decree relief that has been neither pleaded nor tried by consent."  <u>Lodge Constr., Inc. v. Far E. GC Exponent, Inc.</u>, 800 So. 2d 325, 325 (Fla. 2d DCA 2001) (citing <u>Conidaris v. Cresswood Servs., Inc.</u>, 779 So. 2d 518, 519 (Fla. 2d DCA 2000)).  The complaint does not include a claim for conversion, it was not amended nor was a request to amend filed, and the record does not demonstrate that the issue was tried by the consent of the parties.[3]

Accordingly, we reverse the portion of the final judgment finding the appellants liable for conversion as well as the damages awarded pursuant thereto and remand for entry of an amended final judgment.

Affirmed in part; reversed in part; remanded.


NORTHCUTT and SALARIO, JJ., Concur.

---

[1]Mr. Vitelli did not participate in this appeal.

[2]Though the complaint contained two claims for fraud, the trial court's order did not address the latter claim.

[3]In the initial brief the appellants explained that Mr. Vitelli concluded his written closing argument by requesting that the court consider finding the appellants liable for conversion should the court determine that he failed to establish the requisite intent for civil theft.