PER CURIAM.
Dyana Martin, former wife, appeals the Final Judgment of Dissolution of Marriage. Martin raises three issues on appeal, two of which are affirmed without further comment. With regard to the third issue, Martin argues the trial court erred in granting Marshall Lee’s, former hus *1025 band’s, ore terms request for a no-contact order.
At the conclusion of the final hearing, Lee requested a no-contact order. No testimony was taken on the matter; however, Lee’s counsel alleged Martin had been contacting Lee’s mother and had a history of being volatile. Without any additional evidence upon which to base its determination, the trial court granted Lee’s request. It is well settled that courts are not authorized to grant relief not requested in the pleadings. Causey v. Causey, 36 So.3d 893, 893 (Fla. 1st DCA 2010) (citing Cardinal Inv. Grp. Inc. v. Giles, 813 So.2d 262 (Fla. 4th DCA 2002)). It is clear, based on the record, that Lee did not request the no-contact order in the pleadings. Thus, that portion of the Final Judgment granting the same is reversed. Further, there is no evidence in the record to support the trial court’s order granting Lee’s request for a no-contact order, as this was simply based on allegations set forth by Lee’s counsel. See McMath v. Biernacki, 776 So.2d 1039 (Fla. 1st DCA 2001).
We, therefore, reverse the Final Judgment of Dissolution of Marriage as to the granting of the former husband’s ore terms request for a no-contact order. We affirm the Final Judgment in all other respects without further comment.
AFFIRMED.
WOLF, MAKAR, and M.K. THOMAS, JJ., CONCUR.