# Third District Court of Appeal

## State of Florida

Opinion filed January 23, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-583
Lower Tribunal No. 15-11310
_____

**Juan Carlos Musi,**
Appellant,

vs.

**Credo, LLC, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Bronwyn C. Miller, Judge.

Geoffrey D. Ittleman (Fort Lauderdale), for appellant.

Roniel Rodriguez, IV, for appellee.

Before SALTER and LINDSEY, JJ., and LUCK, Associate Judge.

SALTER, J.

Juan Carlos Musi appeals from a final judgment, entered after a non-jury trial, in favor of Credo, LLC ("Credo"), awarding $204,500.00 in damages for Credo's loss of use of a residential property. For the following reasons, we reverse and remand for entry of final judgment consistent with this opinion.

Facts

Musi and his wife,[1] the defendants below, entered into a residential lease agreement with Sally Sawh (the "former owner"), who, at the time of the agreement, was the owner of the residential real estate (the "property") located on 4575 Sabal Palm Road, Miami, Florida. The lease agreement was executed on June 22, 2012, and was "for a term, not to exceed twelve months, beginning on June 26, 2012, and ending June 25, 2013." Under the lease, Musi agreed to pay the former owner rent in the amount of $180,000.00 for the entire lease term and a security deposit in the amount of $30,000.00. Both amounts were due at the beginning of the rental period—June 26, 2012. Neither Musi nor the former owner recorded the lease agreement.

At the time the lease agreement was executed, the property was subject to a sheriff's levy, recorded on June 6, 2012, and a scheduled sheriff's sale. On August

---

[1] The trial court entered a final judgment solely against Musi, as Musi's wife was dismissed from the proceedings. The trial court dismissed Musi's wife after concluding she was a non-signatory to the lease, was not named in the eviction proceedings, and was never shown to have been in possession of the property after Credo acquired title.

2

15, 2012, while Musi and his wife were tenants, Credo acquired title to the property by virtue of a sheriff's deed. Credo recorded the sheriff's deed the same day.

With title to the property, on September 5, 2012, Credo issued a three-day notice letter to Musi, wherein it advised that "pursuant to Florida Statutes Chapter 83[,] [Musi was] indebted to [Credo] in the sum of **$15,000.00** for rent and use of the premises." (Original emphasis). Shortly thereafter, on September 12, 2012, Credo filed an eviction action against Musi, seeking possession of the property. A year later, the county court ordered Musi to deposit rent of $16,000.00 per month into the registry of the court. Due to Musi's subsequent failure to deposit rent into the registry as ordered, the county court entered a final default judgment for possession in favor of Credo on October 4, 2013. Musi vacated the property at or shortly before that date.

In May 2015, nearly two years after the final default judgment for possession, and one year after it sold the property, Credo initiated the underlying action against Musi and his wife. The complaint alleged the Musis "owe[d] [Credo] rental for the period from September 1, 2012 through June 30, 2013 in the amount of $160,000.00 and holdover rent for the period from July 1, 2013 through October 2013 in the amount of 128,000.00." Credo's allegations primarily focused on "rent[] of the subject premises." Credo sought $16,000.00 as the fair market value of monthly rent; it did not allege that rent should be $15,000.00 per month as prepaid by Musi to

3

Sawh. Credo also alleged the Musis caused damage to the property and demanded "attorney's fees pursuant to Chapter 83, Florida Statutes."[2] Credo did not attach the Sawh-Musi written lease to its complaint, and Credo had not assumed that lease or been granted an assignment of rights under it.

The case proceeded to a non-jury trial, to which the parties submitted a joint pretrial stipulation. Per the stipulation, Credo agreed to abandon its claim for holdover rent; and stipulated that it was not seeking damages related to the condition of the premises, as summary judgment was previously granted in favor of the Musis. With these stipulations, the only issue, according to the trial court, was "Credo's claim for special damages suffered in conjunction with loss of use of the property."

Following the non-jury trial, the trial court held Credo was entitled to an award of $204,500.00 in damages, reflecting its loss of use of the property from August 15, 2012, when Credo acquired title, to October 4, 2013, when the final default judgment for possession was entered in favor of Credo. The trial court assigned a value of rent of $15,000.00 per month. The trial court's conclusion was primarily based on Musi's "failure to execute or record the lease until after Credo's interest attached to the property"; therefore, according to the trial court, "[a]ny prepayment of rent to [the former owner] d[id] not extinguish Credo's right to

---

[2] Chapter 83, Part II, Florida Statutes, is known as the Florida Residential Landlord and Tenant Act (the "Act"). See § 83.40, Fla. Stat. (2018).

receive compensation for the use of the property." The trial court did not award damages pursuant to the Act; nor did it address the Act in its discussion of rent owed. Following these conclusions, a final judgment was entered in favor of Credo.

Musi's appeal followed.

Standard of Review

This Court "review[s] a judgment rendered after a bench trial to ensure that the trial court's findings of fact are supported by competent, substantial evidence." Haas Automation, Inc. v. Fox, 243 So. 3d 1017, 1023 (Fla. 3d DCA 2018). The trial court's legal conclusions, however, are subject to de novo review. See id. The de novo standard also applies to the interpretation of a statute. See Magdalena v. Toyota Motor Corp., 253 So. 3d 24, 25 (Fla. 3d DCA 2017).

Discussion

Musi contends the trial court erred in awarding rent to Credo because, pursuant to the Act, Musi and Credo were not in a landlord-tenant relationship and therefore, Musi cannot be responsible for rent to Credo. In response, Credo claims that when it purchased the property by sheriff's deed, it was entitled, by virtue of its recorded interest in the property, to be compensated by Musi from the time it took title to the property to the time Musi vacated. We disagree with Credo, however, as it sought—and was ultimately awarded—damages based on claims it failed to allege in its pleadings. We, therefore, reverse.

Our review of the single count complaint indicates Credo primarily—if not entirely—sought "rent[] of the subject premises," pursuant to the Act, and not damages premised upon any other theory. Specifically, Credo alleged Musi "owe[d] [Credo] rental for the period from September 1, 2012 through June 30, 2013 in the amount of $160,000.00 and holdover rent for the period from July 1, 2013 through October 2013 in the amount of $128,000.00." Credo also made a "[d]emand for attorney's fees . . . pursuant to Chapter 83, Florida Statutes [the Act]." It is clear the basis for Credo's single claim for damages, as pled in the complaint, was rent allegedly owed pursuant to the Act.

In its final judgment, however, the trial court awarded Credo special damages suffered in conjunction with the loss of use of the property; it found persuasive Musi's failure to record the lease agreement before Credo's perfected interest attached to the property. On this record, however, Credo neither alleged a claim for special damages for the loss of use of the property, nor alleged its entitlement to rent because of its purchase, by sheriff's deed, of "all the estate, right, title, and interest" to the property, as it argues on appeal.

As noted, Credo's claim was specifically for "rent[] of the subject premises" pursuant to the Act. It is well established that a trial court cannot award relief where it has not been pled. See Lopez v. Regalado, 43 Fla. L. Weekly D2307, D2309 (Fla. 3d DCA Oct. 10, 2018) ("In modification proceedings, as in other civil matters,

courts are not authorized to award relief not requested in the pleadings.") (citations omitted); Jahnke v. Jahnke, 804 So. 2d 513, 516 (Fla. 3d DCA 2001) ("We agree . . . that a court cannot award relief that was not requested in the pleadings."); see also Martin v. Lee, 219 So. 3d 1024, 1025 (Fla. 1st DCA 2017) ("It is well settled that courts are not authorized to grant relief not requested in the pleadings.").

While it was error for the trial court to award relief not pled, a trial court may adjudicate a claim that was not pled if it was tried with Musi's implied or express consent. See S. Fla. Coastal Elec., Inc. v. Treasures on Bay II Condo Ass'n, 89 So. 3d 264, 266 (Fla. 3d DCA 2012) ("A judgment must be based upon a claim or defense that was either properly pled or tried by consent of the parties."). Here, neither implied consent nor express consent is demonstrated. As emphasized earlier, Credo's single claim against Musi was for damages pursuant to the Act; nowhere in the complaint did Credo reference entitlement to special damages for the loss of use of the property, nor reference its entitlement based upon its superior property interest. Similarly, Credo did not amend—nor request to amend—its complaint to conform to the evidence or arguments presented at the non-jury trial. See Troyts Auto Serv. v. Vitelli, 173 So. 3d 1145, 1146 (Fla. 2d DCA 2015) (reversing final judgment for conversion where the complaint did not include conversion claim, was not amended to include conversion claim, and the record did not demonstrate the issue was tried by consent); Raimi v. Furlong, 702 So. 2d 1273, 1285 (Fla. 3d DCA

7

1997) (holding the trial court erred when it found a defendant negligent for hiring, retention, and supervision because the theory was neither pled nor tried by consent).

Accordingly, we reverse the final judgment awarding Credo damages based on relief neither requested nor raised by its pleadings, and remand for entry of final judgment in Musi's favor.

Reversed and remanded.