NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANDREW J. MATTHEWS, )
)
      Appellant, )
)
v. )     Case No. 2D17-2834
)
THERESA L. MATTHEWS, )
)
      Appellee. )
_____)

Opinion filed February 8, 2019.

Appeal from the Circuit Court for
Hillsborough County; Marion L. Fleming,
Associate Senior Judge.

Allison M. Perry of Florida Appeals &
Mediations, P.A., Tampa, for Appellant.

Elinor P. Smith of Elinor P. Smith, P.A.,
Tampa, for Appellee.

KHOUZAM, Judge.

      Andrew Matthews, the Former Husband, appeals the final judgment of

dissolution of his marriage to Theresa Matthews, the Former Wife.  Because the trial

court abused its discretion in denying the Former Husband's request for reimbursement

of half the payments he made on a mortgage and home equity line of credit (HELOC)

against the marital home during the pendency of the dissolution proceedings, we

reverse and remand for the trial court to credit the Former Husband for these payments and reconsider the equitable distribution scheme in light of this change.

The Former Wife filed a petition for dissolution of marriage on November 9, 2015, after about twenty-three years of marriage. The Former Husband filed his answer and counter-petition on January 21, 2016. The two spouses lived together with their minor child in the marital home for the duration of the proceedings. Later, they entered into a Marital Settlement Agreement which distributed their assets and set forth parenting rights and obligations, including future child support. Neither party requested alimony or retroactive child support in either the settlement agreement or the pleadings.

During the roughly seventeen-month dissolution proceedings, the Former Husband made sixteen payments on a mortgage and line of credit against the marital home, totaling $37,584. He requested credit or reimbursement for half of that amount, $18,792, as the Former Wife's share of the obligation to maintain the marital home. The trial court denied this request in the final judgment and denied a motion for rehearing.

"Reimbursement or credit for a party's payment of marital property-related expenses during separation is a matter of judicial discretion in light of all relevant circumstances." Parks v. Parks, 18 So. 3d 1072, 1073 (Fla. 2d DCA 2009) (quoting Stock v. Stock, 693 So. 2d 1080, 1086 (Fla. 2d DCA 1997)). However, "[g]enerally, when a husband and wife are jointly responsible for the mortgage on real property and one spouse pays the entire mortgage during the pendency of the dissolution, as part of the judgment of dissolution, the paying spouse is entitled to credit for half the total payments made." Sheehan v. Sheehan, 943 So. 2d 818, 821 (Fla. 4th DCA 2006). Thus, while a trial court has discretion to disproportionately credit expenses incurred on

a marital home during dissolution, adequate justification for an unequal award must be provided in the trial court's findings or, at a minimum, in the record evidence. Cintron v. King, 961 So. 2d 1010, 1013 (Fla. 4th DCA 2007).

Here, neither the trial court nor the record before us provides adequate justification for the unequal award of the mortgage and HELOC payments. The trial court erroneously reasoned that the unequal award was justified because the Former Husband was not paying child support during the proceedings, the Former Husband's income was greater than the Former Wife's, and the Former Husband was living in the marital home with the Former Wife and their minor child during the proceedings.

In addressing the first two justifications, the Former Wife appropriately concedes that it was error for the trial court to rely on the lack of retroactive child support and the difference between the parties' income because neither party had requested retroactive child support or alimony, see § 61.08(2)(e), Fla. Stat. (2015) (including difference in income as a factor to be considered in the context of alimony award). "The courts of this state have consistently held that a trial court does not have the authority to decree relief that has neither been requested by way of pleading nor tried by consent." Koehler v. Roberts, 661 So. 2d 374, 374 (Fla. 2d DCA 1995). As the parties did not request such relief, it was improper for the court to consider factors only relevant to retroactive child support and alimony, and these factors cannot support the unequal award of mortgage and HELOC payments.

Similarly, the trial court's third justification is inadequate. The mere fact that the parties were living together in the marital home during the pendency of the

proceedings is not an exceptional circumstance that would justify an unequal award. See § 61.075(1) (listing factors that would justify a departure from equal distribution).

Instead of making any argument that exceptional circumstances existed to justify the unequal award, the Former Wife claims that the Former Husband is not seeking reimbursement for paying the mortgage and HELOC at all but rather seeking rent as an ousted cotenant. It is true that one of the issues in the dissolution proceedings was whether the Former Wife infringed upon the Former Husband's right to occupy the marital home when she allowed her parents to move into that home. The Former Wife relies on Barrow v. Barrow, 527 So. 2d 1373, 1377 (Fla. 1988), for the proposition that the Former Husband cannot prevail on a claim for rent as an ousted cotenant. But this issue is separate from the issue on appeal and therefore is not properly before us.

In light of the above considerations, because the lower court failed to provide adequate justification for an unequal distribution, we hold that it abused its discretion in not crediting the Former Husband for the Former Wife's half of the mortgage and HELOC obligations.

Reversed and remanded for proceedings consistent with this holding.

LaROSE, C.J., and ROTHSTEIN-YOUAKIM, J., Concur.