# Third District Court of Appeal

## State of Florida

Opinion filed April 9, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1205
Lower Tribunal No. 14-25377
_____

**84 Shopping Plaza Corporation, et al.,**
Appellants,

vs.

**Bru's Room Bird Road, LLC, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Law Offices of Frederick Charles Sake, PA, and Frederick Charles Sake, for appellants.

Greenberg Traurig, P.A., and Michael N. Kreitzer, Jennifer L. Junger, Elliot H. Scherker, Brigid F. Cech Samole and Bethany J. M. Pandher, for appellee.

Before EMAS, SCALES and BOKOR, JJ.

PER CURIAM.

In this commercial landlord/tenant dispute, 84 Shopping Plaza Corporation ("Landlord") and Landlord's principal, Daniel Arias ("Arias"), appeal a June 5, 2023 Amended Final Judgment (the "judgment") awarding Bru's Room Bird Road, LLC ("Tenant") compensatory damages, punitive damages, and prejudgment interest against Landlord and Arias. The judgment also relieves Tenant of its obligation to pay rent for the final thirty-four months of the parties' February 15, 2013 lease agreement (the "Lease").

Without further discussion, we affirm that portion of the judgment finding Landlord and Arias liable for compensatory and punitive damages, but we reverse the portion of the judgment relieving Tenant of its Lease obligations. We also remand for the trial court to recalculate prejudgment interest on Tenant's compensatory damages award.

*A. Prejudgment Interest*

The principal component of Tenant's compensatory damages award was for cumulative lost profits that Tenant sustained from the date it began operations (September 1, 2015) through the month prior to Tenant voluntarily ceasing operations as a result of COVID-19 (February 29, 2020). Yet, the trial court awarded prejudgment interest on the totality of this lost profits award calculated from February 15, 2013, the date the Lease was executed.

2

This was error because prejudgment interest is calculated from the date the actual pecuniary loss is sustained. Argonaut Ins. Co. v. May Plumbing Co., 474 So. 2d 212, 215 (Fla. 1985) ("In short, when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss."); Ariz. Chem. Co. v. Mohawk Indus., Inc., 197 So. 3d 99, 103 (Fla. 1st DCA 2016).

The trial court should have calculated prejudgment interest on Tenant's lost profits – awarded based on the testimony of Tenant's forensic accountant expert – monthly from September 1, 2015, the date Tenant began operations under the Lease, through February 29, 2020, the last month of full operations before Tenant voluntarily closed its restaurant due to COVID-19. On remand, the trial court should evaluate evidence of lost profits actually suffered by Tenant on a monthly basis (the fixed dates of loss) and recalculate prejudgment interest accordingly. See, e.g., Halegua v. Lerner, 393 So. 3d 827, 828 (Fla. 3d DCA 2024).

*B. Relieving Tenant of Tenant's Rent Obligations*

Although Tenant voluntarily closed Bru's Room in March 2020, it appears from our record that Tenant never surrendered possession of the premises, and that Tenant remained in possession through February 14,

3

2023, the end of the Lease term. Nonetheless, in the challenged judgment, the trial court, without further explication and without any pleading by Tenant requesting such relief, applied its "equitable powers" to relieve Tenant of its post-March 2020 rent obligations.[1]

Because Tenant elected to pursue damages rather than rescission of the Lease, Tenant is bound by applicable provisions of the Lease.[2] We have been cited no authority for the trial court's exercise of inherent "equitable powers" to forgive a party its rent obligations under the circumstances presented in this case, and we do not discern any such authority.

---

[1] In the challenged judgment the trial court states: "Because the Court has found that [Landlord and Arias] fraudulently induced [Tenant] to enter into the Lease, the Court has concluded that it would be inequitable for [Landlord] to enjoy any benefits naturally flowing from its fraudulent conduct. Thus, the Court finds that it is equitable to order that [Landlord] not be entitled to the payment of any Rent . . . from April 1, 2020, through the end of the lease term on February 14, 2023."

[2] "Florida law provides an election of remedies in fraudulent inducement cases: rescission, whereby the party repudiates the transaction, or damages, whereby the party ratifies the contract." Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co., 761 So. 2d 306, 313 (Fla. 2000). "A party's election to sue for damages, even one procured by fraud, ratifies the contract[.]" Buyer's Choice Auto Sales, LLC v. Palm Beach Motors, LLC, 391 So. 3d 463, 468 (Fla. 4th DCA 2024). The party ratifying the contract accepts the burdens of the contract. Id.

Moreover, the judgment's relieving Tenant of its Lease obligations is troublesome because Tenant did not seek to rescind, reform or terminate the Lease – nor did Tenant seek in its pleadings, or elsewhere, to be relieved of its rent obligations under the Lease.  We therefore conclude it was error for the trial court, *sua sponte*, to excuse Tenant's obligation to pay rent for the final thirty-four months of the Lease term. See Musi v. Credo, LLC, 273 So. 3d 93, 96 (Fla. 3d DCA 2019) ("It is well established that a trial court cannot award relief where it has not been pled.").

On remand, after the trial court recalculates its prejudgment interest award as ordered above, it shall reduce from Tenant's total damages award against Landlord a setoff in the amount of any rent erroneously excused in the challenged judgment.

Affirmed in part; reversed and remanded in part, with instructions.